J-S49032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN PARNELL, | |
| Appellant | No. 3779 EDA 2015 |

Appeal from the PCRA Order November 30, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004554-2001

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 13, 2016**

Appellant Brian Parnell appeals *pro se* the order entered in the Court of

Common Pleas of Chester County on November 30, 2015, by the Honorable

David F. Bortner dismissing as untimely his fourth[1] petition filed pursuant to

---

[1] The PCRA court refers to this as Appellant's fifth petition; however, in doing so it appears to have considered Appellant's Motion for Post-Conviction DNA Testing Pursuant to 42 Pa.C.S.A. § 9543.1 filed on July 27, 2011, to have been his fourth PCRA petition.  However, this Court has clarified that "[a]n application for DNA testing should be made in a motion, **not** in a PCRA petition." ***Commonwealth v. Weeks***, 831 A.2d 1194, 1196 (Pa.Super. 2003) (emphasis in original). We have further stated that:

> [t]hough brought under the general rubric of the PCRA, motions for post-conviction DNA testing are "clearly separate and distinct from claims brought pursuant to other sections of the PCRA." For instance, this Court has consistently held the one-year jurisdictional time bar of the PCRA does not apply to motions for

*(Footnote Continued Next Page)*

*Former Justice specially assigned to the Superior Court.

the Post Conviction Relief Act ("PCRA").[2]   Following a review of the record,
we affirm.

Appellant is serving a term of life imprisonment following his conviction
by a jury of murder in the second degree and burglary on July 11, 2002.
Appellant was sentenced on July 15, 2002, and on August 14, 2002, filed a
timely notice of appeal.  On July 1, 2003, this Court affirmed Appellant's
judgment of sentence, and Appellant did not file a petition for allowance of
appeal with the Pennsylvania Supreme Court thereafter.  ***Commonwealth
v. Parnell***, 832 A.2d 541 (Pa.Super. 2003) (unpublished memorandum).
Appellant filed a timely PCRA petition which was denied following an
evidentiary hearing.  On June 2, 2006, this Court affirmed the trial court's
denial of PCRA relief.  ***Commonwealth v. Parnell***, 903 A.2d 49 (Pa.Super.
2006) (unpublished memorandum).  Appellant did not seek allowance of
appeal with our Supreme Court, and the PCRA court dismissed Appellant's
previously filed PCRA petitions on the basis of untimeliness.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

DNA testing under Section 9543.1. Another distinction of
motions for DNA testing is that Section 9543.1 does not confer a
right to counsel.

***Commonwealth v. Williams***, 35 A.3d 44, 50 (Pa.Super. 2011) (citations
omitted).  As such, we will treat Appellant's PCRA petition *sub judice* as his
fourth, although, for the reasons set forth ***infra***, this distinction is not
determinative herein.

[2] 42 Pa.C.S.A. §§ 9541-46.

Appellant filed the present petition on September 11, 2014.[3]     On

October 28, 2014, the PCRA court appointed counsel, and on November 25,

2014, Appellant filed a motion to waive counsel.   The PCRA court held a

hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998)

on February 9, 2015, after which it determined Appellant was voluntarily,

knowingly and intelligently waiving his right to counsel. On that same day,

the PCRA court entered an order permitting Appellant to proceed *pro se* and

appointed standby counsel to assist him. [4]

In the instant PCRA petition, Appellant attempted to invoke the

"newly-discovered evidence" exception to the PCRA time-bar, averred his

---

[3] Although Appellant's PCRA petition is time-stamped September 15, 2014, the petition was postmarked September 11, 2014; therefore, the latter is the effective date of Appellant's filing of the petition pursuant to the "prisoner mailbox" rule.  *See Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa.Super. 2001) (providing that where an appellant is acting *pro se* and incarcerated at the time he or she seeks to file a PCRA petition, justice requires that the petition will be deemed filed on the date the appellant deposited it with prison authorities and/or placed it in the prison mailbox).

[4] Our Supreme Court has held that "the right to counsel in a second or subsequent PCRA petition is not co-extensive with the right to counsel in a first PCRA petition. While Pa.R.Crim.P. 904(A) provides for the appointment of counsel in a first PCRA petition when the petitioner satisfies the judge that he is unable to afford or otherwise obtain counsel, Pa.R.Crim.P. 904(B) provides for the appointment of counsel in a second or subsequent PCRA petition only in cases where the petitioner can further establish that an evidentiary hearing is required."

*Commonwealth v. Haag*, 570 Pa. 289, 324, 809 A.2d 271, 293 (2002) (footnonte omitted).

- 3 -

actual innocence, and claimed the Commonwealth had breached a contractual agreement into which it had entered with him. The trial court, after providing the requisite notice pursuant to Pa.R.Crim.P. 907, dismissed the petition as untimely. This appeal followed in which Appellant sets forth the following statement of questions involved:[5]

> I. Whether the trial court erred by dismissing the PCRA petition for newly discovered evidence without conducting an evidentiary hearing and/or any contestment [sic] from the Chester County District Attorney.
>
> II. Whether the trial court erred by failing to acknowledge the sufficiency of the newly discovered evidence.
>
> III. Whether the trial court abused its discretion in dismissing the PCRA Petition for newly discovered evidence based upon its own erroneous findings of false facts, deliberately misstated, which are not support[ed] by the record, law, or any material facts from the trial courts['] "alleged" independent review of Dr. Richard T. Callery.
>
> IV. Whether a miscarriage of justice occurred and actual innocence exist[s].
>
> V. Whether district attorney of Chester County Tom Hogan breached contractual agreement.

Brief for Appellant at 1-2.

Under our well-settled standard of review of the denial of PCRA relief, we are limited to determining whether the PCRA court's findings are supported by the record and without legal error. ***Commonwealth v.***

_____

[5] Appellant timely complied with the order of the trial court to file a statement of errors complained of on appeal.

*Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008). Initially, we must determine whether Appellant's PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citations omitted). Additionally, this Court as explained that each of the time-bar exceptions is subject to a separate deadline:

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit ... runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa.Super. 2011) (some citations omitted).

Instantly, Appellant was sentenced on July 15, 2002, and this Court affirmed his judgment of sentence on July 1, 2003. Appellant did not file a petition for allowance of appeal with the Supreme Court. Therefore, Appellant's judgment of sentence became final thirty days thereafter on August 1, 2003. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

Pennsylvania, or at the expiration of time for seeking the review[ ]"). In Appellant's case, a timely first petition for post-conviction relief would have had to have been filed by August 1, 2004. Appellant filed the instant PCRA petition over ten years later, on September 11, 2014; therefore, it is patently untimely.

Notwithstanding, Appellant argues the PCRA court erred in dismissing his petition without a hearing because newly-discovered evidence became available to him on July 11, 2014. *See* Petition for Post Conviction Relief for Newly Discovered Evidence Pursuant to 42 Pa.C.S.A § 9545(b)(1)(ii), at 5. Such alleged evidence is a hearsay article published in a Delaware publication, The News Journal, on July 11, 2014, entitled "Chief Medical Examiner Out of a Job." The article discusses an investigation which led to the termination of Dr. Richard Callery, a forensic pathologist who performed an autopsy on the victim and testified as a Commonwealth witness at Appellant's trial. Dr. Callery, formerly the Chief Medical Examiner of the State of Delaware, was alleged to have utilized Delaware resources to perform private forensic pathology work, including "moonlighting as a contract pathologist for … Chester County, Pa." It was in that capacity that Dr. Callery performed the autopsy on the decedent in the instant matter.

At the outset, we note that Appellant's petition was not filed within sixty days of the date upon which the information had been reported as is

required by 42 Pa.C.S. § 9545(b)(2).[6]  Notwithstanding, even were the petition timely filed, it does not provide a basis upon which he could predicate an untimely claim.

> To obtain relief based on after-discovered evidence, appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008) (emphasis provided.

While Dr. Cowley's apparent abuse and neglect of his office was detailed in the publication, nowhere in the article is any aspect of Appellant's individual case discussed, nor was Dr. Cowley's methodology in conducting autopsies and/or ability to testify at trial regarding that work discussed. Indeed, Appellant views the evidence in terms of a general attack upon Dr. Crowley's credibility.  As such, Appellant has failed to satisfy his burden of proving this hearsay article would have likely resulted in a different verdict were he granted a new trial.

Appellant's remaining claims of his innocence, challenges to the veracity of Detective Kenneth W. Beam's testimony and to the validity of

_____

[6] Appellant filed his PCRA petition sixty-two days after the article had been published in <u>The News Journal</u>, although he acknowledged the evidence became available to him on July 11, 2014.

fingerprint evidence presented at trial, and reference to an alleged contractual obligation the Commonwealth breached either have been previously litigated or do not constitute after-discovered evidence, for the information upon which they are based was available to Appellant prior to September 11, 2014. *See* Petition for Post Conviction Relief for Newly Discovered Evidence Pursuant to 42 Pa.C.S.A § 9545(b)(1)(ii), Exhibits C-I. Accordingly, the newly-discovered evidence exception to the PCRA time-bar cannot apply herein.

Based on the foregoing, we find the PCRA court lacked jurisdiction to consider the merits of Appellant's PCRA petition filed on September 11, 2014, and properly dismissed it as untimely filed. Accordingly, we affirm the PCRA court's November 30, 2015, Order.

Order affirmed.

Judge Panella joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2016

- 9 -