J-S49017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY KENNETH BOGGS | |
| Appellant | No. 3589 EDA 2015 |

Appeal from the PCRA Order October 29, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000505-1997

BEFORE:  PANELLA, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                     **FILED AUGUST 09, 2016**

Appellant, Anthony Kenneth Boggs, appeals *pro se* from the October 29, 2015 order, denying his second petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 25, 1998, a jury convicted Appellant of first-degree murder.[1] On April 1, 1998, Appellant was sentenced to a mandatory term of life in prison.  This Court affirmed Appellant's judgment of sentence on January 14, 1999, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 9, 1999.  **Commonwealth v. Boggs**, 736 A.2d 678 (Pa. Super. 1999) (unpublished memorandum) at 1-8, *appeal denied*,

_____

[1] 18 Pa.C.S.A. § 2502(a).


*Former Justice specially assigned to the Superior Court.

740 A.2d 1143 (Pa. 1999). Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

On February 10, 2000, Appellant filed his first PCRA petition and the PCRA court appointed counsel to represent Appellant. Following a number of evidentiary hearings, the PCRA court denied Appellant relief on June 12, 2003, and this Court affirmed the PCRA court's order on July 13, 2004. ***Commonwealth v. Boggs***, 859 A.2d 826 (Pa. Super. 2004) (unpublished memorandum) at 1-3.

On December 15, 2009, Appellant filed a motion for post-conviction DNA testing. ***See*** 42 Pa.C.S.A. § 9543.1; ***see also Commonwealth v. Weeks***, 831 A.2d 1194, 1196 (Pa. 2003) ("[p]ost conviction DNA testing . . . allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)"). The motion was denied on July 1, 2010 and Appellant did not appeal.

On April 22, 2015, Appellant filed a "Motion for New Trial – After Discovered Evidence" (hereinafter "Appellant's Second PCRA Petition"). The motion constituted Appellant's second PCRA petition. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) ("any motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition"); ***Commonwealth v. Descardes***, ___ A.3d ___, 2016 WL 1249964 at *14 (Pa. 2016) ("the language of the PCRA clearly requires that an individual seeking relief from the judgment of

sentence itself . . . pursue his request for relief through the PCRA"). Within the petition, Appellant claimed:

> On [March 21, 2015, Appellant] was informed by Coatesville resident Josh Mc[M]illan, that Brian Armarillo, of Coatesville, PA informed him (Mc[M]illan) that prosecution witness against [Appellant] gave [false] testimony at [Appellant's] trial, in order to get an undisclosed deal, for her testimony against [Appellant], and also to seek revenge for her brother[,] Mike Stanley, in which [Appellant] had an altercation with over a bet laid in a craps game, which [Appellant] engaged in a simple assault against Crystal Stanley's . . . brother Mike Stanley. . . .
>
> [Appellant] became aware of this [information] recently, and has never attempted to make any contact with Crystal Stanley, yet has learned through witnesses[] that she is willing to recant her testimony, and is ashamed of [herself] for committing "perjury."

Appellant's Second PCRA Petition, 4/22/15, at 1 (some internal capitalization and emphasis omitted).

On May 28, 2015, the PCRA court issued an order declaring that it was denying Appellant's petition "without prejudice." **See** PCRA Court Order, 5/28/15, at 1 n.1.

On June 10, 2015, Appellant filed a "Motion for Post Conviction Collateral Relief" (hereinafter "Appellant's Amended Second PCRA Petition"), where Appellant reiterated the above allegations.[2] Further, on July 6, 2015,

_____

[2] Given that the PCRA court's May 28, 2015 order declared that Appellant's "motion for a new trial" was denied "without prejudice," Appellant's June 10, 2015 filing constitutes an amendment to his second PCRA petition.

Appellant filed an amendment to the petition, where Appellant claimed that he recently learned that Coatesville Police Detective Gerald Pawling had pleaded guilty to tampering with evidence; according to Appellant, Detective Pawling "was involved in [Appellant's] arrest, and investigation of the location of hair samples taken from a ski mask, which was used to convict [Appellant]." Appellant's Second Amended Second PCRA Petition, 7/6/15, at 1-2 (some internal capitalization omitted).

On July 29, 2015, the PCRA court issued Appellant notice that it intended to dismiss Appellant's second PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 7/29/15, at 1; *see* Pa.R.Crim.P. 907. On August 14, 2015, Appellant filed a response to the notice of intent to dismiss and restated his claims. Moreover, on August 25, 2015, Appellant filed a motion to supplement and amend the PCRA petition, claiming that he "recently [became] aware that his 5th [A]mendment right to an investigation by a grand jury [was] violated due to the fact that [neither his trial attorney nor the] district attorney [ever] requested a grand jury investigation." Appellant's Motion to Amend Second PCRA Petition, 8/25/15, at 1.

On October 29, 2015, the PCRA court dismissed Appellant's petition. This timely appeal followed. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

Any petition under the PCRA, including second or subsequent petitions, must be filed within one year of the judgment of sentence becoming final, unless the petitioner can prove one of the three exceptions: (1) interference

by government officials; (2) discovery of previously unknown facts that could not have been earlier ascertained by the exercise of due diligence; and (3) a newly recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1). A petitioner has 60 days from the date when the claim could have been presented to file his petition. 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirement of the PCRA is jurisdictional in nature and cannot be waived. **_Commonwealth v. Taylor_**, 65 A.3d 462, 468 (Pa. Super. 2013) (citation omitted). An untimely PCRA petition renders the court without jurisdiction to address the merits of the claims. **_Id._** As Appellant's judgment of sentence became final in 1999 and he filed this petition on April 22, 2015, his petition is untimely unless he can prove one of the exceptions applies. It is Appellant's burden to plead and prove any exceptions to the time bar. **_Commonwealth v. Wharton_**, 886 A.2d 1126 (Pa. 2005).

Appellant acknowledges the untimeliness of his petition and relies on 42 Pa.C.S.A. § 9545(b)(1)(ii) to excuse this untimeliness. **_See_** Appellant's Brief at 8-11. This exception requires discovery of previously unknown facts which could not have been discovered prior with due diligence. **_See_** **_Commonwealth v. Pursell_**, 749 A.2d 911, 916 (Pa. 2000). Due diligence "requires that Appellant take such steps to protect his own interests." **_Commonwealth v. Carr_**, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must give the court the precise date upon which he discovered the new facts and explain to the court why he could not have discovered them

sooner. ***Commonwealth v. Yarris***, 731, A.2d 581, 590 (Pa. 1999). This allows the court to determine whether the exception was timely invoked.

First, Appellant alleges that Josh McMillan told him that a witness at Appellant's trial committed perjury because she was offered an undisclosed deal and wanted to seek revenge on Appellant. Appellant's Second Amended PCRA Petition, 6/10/15, at 4. This alleged evidence constitutes inadmissible hearsay and, as such, does not satisfy the after-discovered evidence exception to the timeliness requirement. ***Yarris***, 731 A.2d at 592 ("[a] claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the after-discovered evidence exception to the timeliness requirement, nor would such a claim, even if timely, entitle Appellant to relief under the PCRA").

Second, Appellant alleges he recently learned that Coatesville Police Detective Gerald Pawling had pleaded guilty to tampering with evidence. According to Appellant, Detective Pawling "was involved in [Appellant's] arrest, and investigation of the location of hair samples taken from a ski mask, which was used to convict [Appellant]." Appellant's Second Amended Second PCRA Petition, 7/6/15, at 1-2 (some internal capitalization omitted).

This claim does not satisfy the PCRA's after-discovered fact exception because Appellant failed to plead the date upon which he learned of this fact, how he learned of this fact, or why his claim could not have been presented sooner with due diligence. ***See*** Appellant's Second Amended Second PCRA Petition, 7/6/15, at 1-2. We have previously held:

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010). Because Appellant failed to explain when or how the alleged facts were uncovered or his exercise of due diligence, Appellant has not pleaded or proven an exception to the PCRA time-bar.

Thus, Appellant failed to properly plead any exception to the PCRA's one-year time-bar. As such, our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We thus affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016

- 7 -