J-S42023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAFIS ANTUAN FAISON | : | |
| | : | |
| Appellant | : | No. 1982 MDA 2017 |

Appeal from the PCRA Order Entered November 17, 2017
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000126-2014

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED OCTOBER 31, 2018**

Nafis Antuan Faison appeals from the order dismissing his Motion for DNA Testing filed under Section 9543.1 of the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. For the reasons that follow, we affirm.

We need not recount the full facts of the case. In 2013, Faison was charged with possession of a controlled substance with intent to deliver[1] and related drug charges, based in part on the existence of a backpack containing several bags of cocaine which the police recovered from the room in the apartment where Faison was staying at the time he was arrested. At his jury trial in 2015, Faison argued that the backpack and cocaine did not belong to him. Simpson, the owner of the apartment, testified for the Commonwealth

_____

*   Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780–113(a)(30).

that the backpack was not his and that Faison always stayed in that room when an overnight guest at his apartment. The Commonwealth also presented testimony that Faison's telephone was found in the same room as the backpack.

Trial testimony touched briefly on fingerprint analysis. A state trooper testified that he had requested a fingerprint analysis on the bags containing cocaine and the backpack in which they were contained. *See* N.T., 1/21/15, at 79-82. From those items, the laboratory recovered one latent fingerprint from one of the bags containing cocaine. *Id.* at 82. The print did not match any fingerprints the police had on file. *Id.* at 82-83. The trooper also testified that the police had fingerprinted Faison, but that they had not fingerprinted Simpson. *Id.* The police also did not request DNA testing of any items recovered from the apartment. *Id.* at 82.

The jury found Faison guilty, and the trial court thereafter sentenced Faison to an aggregate term of five to ten years' incarceration.[2] We affirmed Faison's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on October 25, 2016.[3]

_____

[2] Faison had his right to appeal reinstated *nunc pro tunc* in November 2015 through the filing of a PCRA petition.

[3] *See Commonwealth v. Faison*, 151 A.3d 1150 (Pa.Super.) (unpublished memorandum), *appeal denied*, 160 A.3d 756 (Pa. 2016). While Faison's direct appeal was pending, Faison filed a PCRA petition, which was dismissed as premature by the PCRA court.

Faison filed a PCRA Petition on December 1, 2016, in which he claimed that his trial counsel was ineffective for failing to file a motion to suppress evidence. The PCRA court denied the Petition on July 13, 2017. Faison filed a Notice of Appeal on August 7, 2017. That appeal is still pending before this Court.[4]

On September 25, 2017, Faison filed a *pro se* "Motion pursuant to 42 Pa.C.S.[A.] § 9543.1/Disclosure of Fingerprint Results," which is the basis for the instant appeal.[5] In the Motion, Faison requested that "the DNA test[] results be revealed[], or that new DNA testing be taken." Mot. at 2 (unpaginated). He asserted that DNA comparison of the latent fingerprint found on the bag containing cocaine would "unequivocally prove[] his innocence," because such testing would "unequivocally demonstrate that he was not in possession at any[]time of the drugs found in the apartment he was arrested in." *Id.*[6] The Commonwealth filed no response to Faison's Motion.

---

[4] *See Commonwealth v. Faison*, No. 1423 MDA 2017 (Pa.Super.).

[5] Section 9543.1 of the PCRA provides that convicted defendants serving a term of imprisonment may move for "the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction." 42 Pa.C.S.A. § 9543.1(a)(1).

[6] Parts of Faison's Motion and Brief, which are not models of clarity, indicate that Faison does not seek new DNA testing, but instead pursues the disclosure of either a fingerprint comparison that the Commonwealth performed prior to his trial, or the disclosure of fingerprint DNA testing that the Commonwealth performed prior to trial. To the extent that Faison seeks such relief, his claim

On November 17, 2017, the PCRA court dismissed the Motion because "a PCRA cannot be filed while one is pending." **See** PCRA Court Opinion and Order, filed November 17, 2017, at 1 (citing **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000)). The court also noted that "the timing of the [Motion] does not meet the requirements of 42 Pa.C.S.A. § 9543.1(a)(2)." PCRA Ct. Op. at 2. The court additionally found that the motion did not meet the requirements of 42 Pa.C.S.A. § 9543.1(c), because "[f]ingerprint results could not prove innocence because [Faison]'s conviction was for constructive possession of the drugs in the apartment. . . . And, even if he had been found in actual possession of the drugs, failure to leave fingerprints does not unequivocally prove anything." **Id.** (emphasis omitted).[7]

Faison appealed, and raises a sole issue:

> Did the PCRA [c]ourt err by dismissing [Faison's] request for DNA testing pursuant to 42 Pa.C.S.[A.] §[]9543.1?

Faison's Br. at 3.

---

is not cognizable under Section 9543.1 of the PCRA. **See** 42 Pa.C.S.A. § 9543.1(d) (providing relief in the form of DNA testing on specific evidence).

[7] The PCRA court did not assess the timeliness of Faison's Motion, in contravention of Section 9543.1(d)(1)(iii), which requires that the court deny a motion for DNA testing if not "made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice." 42 Pa.C.S.A. § 9543.1(d)(1)(iii). As the issue of timeliness under Subsection (d)(1)(iii) was not raised by the Commonwealth or the court below, and is not a jurisdictional threshold, it is improper for us to consider it. **See In re Payne**, 129 A.3d 546, 555 n.12 (Pa.Super. 2015) (*en banc*).

Faison makes no argument regarding his Motion's dismissal due to **Lark**. Faison argues only that DNA testing could prove his innocence because it could identify the person responsible for the cocaine, which was the central issue at trial. **See** Faison's Br. at 10-12. Faison contends that there were no eyewitnesses or physical evidence that linked him to the cocaine. **Id.** at 10. Faison further claims that "[t]he FBI i[n] 2011 invented Advance [Fingerprint] Identification Technology (AFIT), to get DNA from fingerprints." **Id.** at 12 n.4. The Commonwealth did not file a brief.

Because the PCRA court dismissed the Motion under **Lark**, it disclaimed jurisdiction over the matter. We must settle the jurisdictional issue before addressing the PCRA court's other conclusions. **See Richards v. Trimbur**, 543 A.2d 116, 118 (Pa.Super. 1988); **see also Commonwealth v. Hemingway**, 13 A.3d 491, 496 (Pa.Super. 2011). Jurisdiction is a question of law, and thus our review of the trial court's decision is *de novo* and our scope is plenary. **See Commonwealth v. John**, 854 A.2d 591, 593 (Pa.Super. 2004).

In **Lark**, our Supreme Court addressed the issue of serial PCRA petitions filed by a single petitioner, and held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Lark**, 746 A.2d at 588. "Our Supreme Court reasoned that '[a] second appeal cannot be taken when another proceeding

of the same type is already pending.'" ***Commonwealth v. Montgomery***, 181 A.3d 359, 363 (Pa.Super. 2018) (*en banc*) (quoting ***Lark***, 746 A.2d at 588).[8]

However, we cannot summarily conclude that the rule announced in ***Lark***, which addressed only serial PCRA petitions under Section 9543, also applies to Faison's Section 9543.1 Motion for DNA testing. Although a motion for DNA testing under Section 9543.1 "falls under the aegis" of the PCRA, ***Commonwealth v. Kunco***, 173 A.3d 817, 823 (Pa.Super. 2017), this Court has long differentiated between a motion under Section 9543.1 and a petition for relief filed under Section 9543. In ***Commonwealth v. McLaughlin***, 835 A.2d 747 (Pa.Super. 2003), we explained that a Section 9543.1 motion was not a PCRA petition, but rather "allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition." ***Id.*** at 750. We therefore held that a Section 9543.1 motion is not subject to the one-year time bar of Section 9545 that applies to PCRA petitions.[9] ***Id.***

Our Supreme Court addressed the distinction between motions for DNA testing and PCRA petitions in ***Commonwealth v. Scarborough***, 64 A.3d 602

---

[8] In ***Montgomery***, this Court clarified that "***Lark*** precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible," but does not apply to serial petitions filed in the PCRA court when none is on appeal. ***Montgomery***, 181 A.3d at 364-65.

[9] Section 9545 provides that a PCRA petition must be filed within one year of the date the judgment becomes final, unless the petitioner pleads and proves that one of the enumerated exceptions to the time-bar applies. ***See*** 42 Pa.C.S.A. § 9545(b).

(Pa. 2013), when it held that the denial of a motion for DNA testing under Section 9543.1 was not an interlocutory order within a PCRA proceeding, but a final appealable order under Pa.R.A.P. 341(b). The Court explained that although the legislature placed motions for DNA testing under Section 9543.1 "within the larger statutory framework of the PCRA," such a motion began what was "in substance, a wholly separate proceeding from litigation of a PCRA petition." *Id.* at 609-09.[10]

Here, Faison filed a PCRA Petition that alleged his trial counsel was ineffective for failing to file a motion to suppress physical evidence; the PCRA court denied relief, and Faison appealed. While that appeal was pending, Faison filed a Motion for DNA testing under the PCRA. As Faison's Motion constitutes a separate and distinct litigation from his PCRA appeal, we hold that the PCRA court erred in concluding that it had no jurisdiction to entertain

---

[10] In **Scarborough**, the Court was not presented with the question of whether a PCRA court had jurisdiction to entertain a motion for DNA testing while its decision over a PCRA petition in the same case was pending on appeal, which is the question before us today. However, the Supreme Court reviewed the PCRA court's decision on DNA testing even though that decision had been pending review since 2009, and, in the meantime, the PCRA court had dismissed a PCRA petition filed the same day as the DNA motion, the petitioner had appealed the dismissal in 2010, we had affirmed, and the Supreme Court had denied review of the dismissal of the PCRA petition during the month preceding the Court's review of the earlier decision on the DNA motion. **See Scarborough**, 64 A.3d at 603; **see also Commonwealth v. Kunco**, 173 A.3d 817, 822 n.6. (Pa.Super. 2017) (discussing the procedural history of **Scarborough**). We take note that the Supreme Court was undeterred by the simultaneous appeals of the motion and the petition.

it under *Lark*,[11] and turn to the other reasons the PCRA court gave for dismissal.

Our review of the PCRA court's decision regarding a Section 9543.1 Motion for DNA testing "permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." *Commonwealth v. Kunco*, 173 A.3d 817, 823 (Pa.Super. 2017) (citation omitted). We may affirm the PCRA court's decision "if there is any basis to support it, even if this Court relies on different grounds to affirm." *Id.*

Subsection (a)(2) of Section 9543.1 of the PCRA "sets forth several threshold requirements to obtain DNA testing." *Commonwealth v. Walsh*, 125 A.3d 1248, 1254 (Pa.Super. 2015) (quoting *Commonwealth v. Williams*, 35 A.3d 44, 49 (Pa.Super. 2011)). This Subsection requires that the evidence "be available for testing as of the date of the motion," and that

---

[11] Although not cited by the PCRA court along with *Lark*, we note that Pennsylvania Rule of Appellate Procedure 1701(a) provides that when an appellant files a notice of appeal to this Court, the trial court generally loses jurisdiction over the matter. *See* Pa.R.C.P. 1701(a); *Commonwealth v. Piscanio*, 608 A.2d 1027, 1030 (Pa. 1992) ("Pa.R.A.P. 1701(a) provides that the subject matter jurisdiction of the trial court is removed for so long as an appeal from an order issued earlier in the proceeding is pending"). However, because Rule 9543.1 motions constitute entirely different proceedings from Rule 9543 petitions, Rule 1701(a) does not divest a PCRA court of jurisdiction to entertain a Rule 9543.1 motion while a Rule 9543 petition is pending on appeal.

[i]f the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S.A. § 9543.1(a)(2); *see also Walsh*, 125 A.3d at 1254.[12]

Faison's trial took place in 2015, and the evidence he seeks to have tested—the fingerprint left on the bag containing cocaine that was found in Simpson's apartment—was discovered prior to his conviction. Faison made no mention of prior lack of availability of DNA testing in his Motion, and, on appeal, does not contend that DNA testing technology was not available at the time of his trial in 2015. To the contrary, Faison asserts that the technology

_____

[12] Although it was in the context of timeliness under Subsection (d)(1)(iii), the Supreme Court, in *Commonwealth v. Edmiston*, 65 A.3d 339 (Pa. 2013), observed the importance of requiring criminal defendants to request DNA testing at the time of their trial, if available:

If post-trial testing were routinely available, few would seek pre-trial testing; it would behoove counsel to go to trial without testing, then seek DNA testing if convicted, there being nothing but an up-side to a convicted client. DNA testing that is available cannot become after-discovered evidence, and cannot be treated as a second chance lottery ticket.

*Id.* at 358 (quoting *Commonwealth v. Williams*, 899 A.2d 1060, 1065 n. 4 (Pa. 2006)). The Court also noted that advances in technology do not circumvent the timeliness requirements, because the PCRA "recognized that the testing available at the time of its enactment was of sufficient reliability that defendants could seek DNA testing[.]" *Id.*

that allows for forensic testing of the DNA of the fingerprint left on the bag containing cocaine was invented in 2011. **See** Faison's Br. at 12 n.4. Therefore, by Faison's own admission, he does not meet the requirement of Section 9543.1(a)(2), which requires that the technology was not in existence at the time of trial. Moreover, Faison does not argue that his conviction occurred prior to 1995, or that his trial counsel sought funds for DNA testing and was refused by the court.

As Faison's Motion does not meet the necessary threshold requirements for DNA testing under the PCRA, we affirm the PCRA court's order denying the relief.[13] **See Walsh**, 125 A.3d at 1258 (affirming denial of Section 9543.1 motion in part because applicant failed to establish the threshold requirements of Subsection (a)(2)).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/31/2018

_____

[13] Because we affirm on the basis that Faison's Motion has not satisfied the threshold requirements of Subsection (a)(2) of Section 9543.1, we need not consider the PCRA court's conclusion that Faison's Motion fails because the results of DNA testing could not prove Faison's innocence.