J-S25009-20

2020 PA Super 145

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID JAMES TYLER | : | |
| | : | |
| Appellant | : | No. 1639 MDA 2019 |

Appeal from the Order Entered September 9, 2019
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000551-1992

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

OPINION BY LAZARUS, J.:                    **FILED: JUNE 22, 2020**

David James Tyler appeals *pro se* from the order, entered in the Court of Common Pleas of Adams County, denying his motion for post-conviction DNA testing pursuant to section 9543.1 of the Post Conviction Relief Act ("PCRA").[1]  Upon review, we affirm.

Tyler was convicted of first-degree murder and related charges in April 1993; he was sentenced on February 23, 1994, to life imprisonment, plus five to ten years in prison.  In the ensuing years, Tyler filed numerous appeals and PCRA petitions, all of which resulted in the denial of relief.  Relevant to the instant appeal, on April 12, 2019, Tyler filed a serial PCRA petition alleging the ineffective assistance of all prior counsel on issues related to DNA evidence. The PCRA court denied that petition as untimely on June 28, 2019.  Tyler filed a timely appeal to this Court on July 22, 2019.  While that appeal was pending,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

on August 5, 2019, Tyler filed a petition requesting DNA testing pursuant to section 9543.1. **See** 42 Pa.C.S.A. § 9543.1. Specifically, Tyler sought DNA testing to compare his own DNA with that taken from under the fingernail of the victim at the time of autopsy. He asserted that "DNA testing of the specific evidence will have exculpatory results showing actual innocence [of the crimes] for which the applicant was convicted." Petition for DNA Testing, 8/5/19, at [2]. The Commonwealth filed a response and, on September 5, 2019, the court denied relief without a hearing on the basis that it lacked jurisdiction to consider the petition because Tyler had a collateral appeal pending before this Court.[2] Tyler filed a timely notice of appeal followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Tyler asserts that the PCRA court erred by denying his motion for DNA testing without a hearing.[3] **See** Brief of Appellant, at 4.

Prior to considering the merits of Tyler's appeal, we must determine whether the PCRA court possessed jurisdiction to consider his motion. Pennsylvania law makes clear that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition[.]" **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000); **see also Commonwealth v.**

---

[2] The PCRA court also concluded that Tyler was not entitled to relief on the merits of his claim because he failed to establish a *prima facie* case of actual innocence.

[3] We have combined and rephrased Tyler's claims for ease of disposition.

*Montgomery*, 181 A.3d 359, 364 (Pa. Super. 2018) (en banc) (reaffirming that *Lark* precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is pending).

However, although a motion for DNA testing "falls under the aegis" of the PCRA, *Commonwealth v. Kunco*, 173 A.3d 817, 823 (Pa. Super. 2017), this Court has long differentiated between motions for DNA testing under section 9543.1 and petitions for relief under section 9543 of the PCRA. In *Commonwealth v. McLaughlin*, 835 A.2d 747 (Pa. Super. 2003), we explained that a motion for DNA testing under section 9543.1 was not a PCRA petition. Rather, "it allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition[.]" *Id.* at 750, quoting *Commonwealth v. Weeks*, 831 A.2d 1194, 1996 (Pa. Super. 2003). Accordingly, we concluded that such a motion was not subject to the PCRA's one-year time bar for petitions under section 9545.[4]

Our Supreme Court addressed the distinction between motions for DNA testing and PCRA petitions in *Commonwealth v. Scarborough*, 64 A.3d 602 (Pa. 2013), in which it held that the denial of a motion under section 9543.1 was not an interlocutory order within a PCRA proceeding, but a final, appealable order under Pa.R.A.P. 341(b). The Court explained that, although the legislature placed section 9543.1 "within the larger statutory framework

---

[4] Section 9545 requires that a PCRA petition be filed within one year of the date the judgment of sentence becomes final, unless the petitioner pleads and proves one of three enumerated exceptions. *See* 42 Pa.C.S.A. § 9545(b).

of the PCRA," the litigation of a motion for DNA testing "is, in substance, a wholly separate proceeding from litigation of a PCRA petition." *Id.* at 609.

In light of the foregoing, we conclude that Tyler's motion for DNA testing under section 9543.1 constituted a separate and distinct litigation from his PCRA appeal. Accordingly, the PCRA court erred in finding that it lacked jurisdiction to entertain Tyler's motion due to his pending PCRA appeal. Thus, we may address the merits of Tyler's appeal.

> Post[-]conviction DNA testing falls under the aegis of the PCRA, and thus, our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. This Court can affirm a PCRA court's decision on a motion for post-conviction DNA testing if there is any basis to support it, even if this Court relies on different grounds to affirm.

*Kunco*, 173 A.3d at 823 (citation, quotation marks, ellipses and brackets omitted).

Tyler claims that the PCRA court erred by denying his request for DNA testing where DNA evidence "would clearly undermine the theory that [he] was guilty of First[-]Degree Murder." Brief of Appellant, at 9. He argues that, if the DNA evidence found under the victim's fingernails proves to be that of someone else, it will undermine his conviction because the Commonwealth's theory at trial "acknowledges that it may not have been [Tyler] who actually assaulted and murdered" the victim. *Id.* at 11, 12. Tyler is entitled to no relief.

To qualify for relief under section 9543.1, an applicant must, *inter alia*, "present a *prima facie* case demonstrating that the . . . identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing" and that exculpatory results of DNA testing of specific evidence would establish "the applicant's actual innocence of the offense for which the [he] was convicted[.]" 42 Pa.C.S.A. § 9543.1(c)(3).

Here, Tyler's convictions were based on a theory of accomplice liability and the existence of a conspiracy to abduct and murder the victim, who was scheduled to testify against Tyler in a drug-related trial later on the very same day she was killed. Accordingly, while the Commonwealth indeed conceded that "it may very well not have been Tyler who actually assaulted and murdered" the victim, Brief of Appellee, at 12, because his convictions were based on a theory of accomplice liability, the absence of Tyler's DNA under the victim's fingernails would not establish Tyler's innocence.

Moreover, this Court has repeatedly held that the mere absence of a defendant's DNA, by itself, does not satisfy the "actual innocence" requirement under section 9543.1(d)(2)(i).[5] **See Commonwealth v. Smith**, 889 A.2d 582, 586 (Pa. Super. 2005) (applicant not entitled to DNA testing

---

[5] In **Commonwealth v. Conway**, 14 A.3d 101 (Pa. Super. 2011), this Court defined "actual innocence" in the context of section 9543.1 to mean that the DNA evidence must make it "more likely than not that no reasonable juror would have found [applicant] guilty beyond a reasonable doubt." **Id.** at 109, quoting **Schlup v. Delo**, 513 U.S. 298, 327 (1995).

on material under victim's fingernails where no evidentiary basis existed on which to infer assailant deposited DNA there during attack); ***Commonwealth v. Brooks***, 875 A.2d 1141, 1144 (Pa. Super. 2005) (DNA testing properly denied where no evidence of record supported contention that perpetrator left behind biological material); ***Commonwealth v. Heilman***, 867 A.2d 542, 547 (Pa. Super. 2005) (affirming denial of DNA testing where applicant's entire argument depended on premise that "an absence of DNA evidence would conclusively absolve him of culpability").  Rather, a petitioner must present some quantum of additional evidence in addition to the absence of petitioner's DNA to establish entitlement to relief.

The quantum of evidence necessary to satisfy section 9543.1(d)(2)(i) above and beyond the absence of the applicant's DNA has never been explicitly defined and must be evaluated on a case-by-case basis.  ***In re Payne***, 129 A.3d 546, 559 (Pa. Super. 2015).  For example, in ***Conway***, ***supra***, the appellant was convicted in the stabbing death of the victim.  Conway claimed he did not kill the victim, but discovered her body when he entered her store to make a purchase.  He claimed to have touched her to determine whether she had a pulse and untie her hands, and may have tripped and fallen on her.  At trial, the Commonwealth introduced no DNA or other scientific evidence tying Conway to the body of the victim or the bathroom where the body was discovered, and he was convicted on purely circumstantial evidence.

Conway subsequently sought post-conviction DNA testing of several items preserved from the crime scene under section 9543.1, which the PCRA court denied. On appeal, this Court noted that, because Conway admitted to having touched the victim's body, the presence or absence of his DNA on the body or surrounding area would not be not dispositive. However, Conway advanced three additional arguments in support of his claim:

> (1) a 'redundancy' theory, which postulates that if the individual DNA tests reveal evidence of a third person on multiple items connected with the crime, then those 'redundant' results would give rise to an inference of a separate assailant; (2) a 'data bank' theory, which postulates that any DNA results that are obtained from DNA testing that prove the presence of an unknown person could be run through state and federal data banks for a match, which, if successful, would lead to the identification of a separate assailant; and (3) a 'confession' theory, which postulates that an assailant who is discovered by using the data bank theory could, when confronted with the DNA evidence, confess to the crime.

*Id.* at 110.

The Court found Conway's proffered theories to be "plausible," *id.*, and after considering overarching policy considerations as embodied in Pennsylvania's DNA testing statute,[6] concluded that, under the facts of the case, "there is no question that the development of additional evidence—evidence that can be easily obtained by DNA testing—will add to the reliability of the reconstruction of the events of that tragic day." *Id.* at 112.

Unlike the appellant in **Conway**, here, Tyler presented no additional theories, circumstances, or evidence that, taken in combination with the

---

[6] 44 Pa.C.S.A. §§ 2301-2336.

absence of his DNA under the victim's fingernails, would establish "more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt," where his convictions were based on a theory of accomplice liability. *Id.* at 109. Accordingly, because Tyler failed establish a *prima facie* case under section 9543.1(c)(3), the PCRA court did not err in denying Tyler's request for DNA testing.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/22/2020