J-S20036-24

2024 PA Super 168

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MAURICE PEARSON :
:
Appellant : No. 1623 MDA 2023

Appeal from the Order Entered November 6, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000854-2009

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED: AUGUST 6, 2024**

Appellant, Maurice Pearson, appeals from the order entered in the Lebanon County Court of Common Pleas on November 6, 2023. We affirm.

The relevant facts and procedural history are as follows: Following a jury trial on December 9, 2009, Appellant was convicted of two counts of attempted criminal homicide, four counts of aggravated assault, and one count of possession of a firearm. On February 17, 2010, Appellant was sentenced to an aggregate term of 34 to 70 years' imprisonment. Appellant filed a direct appeal, and this Court affirmed on August 19, 2011. **See Commonwealth v. Pearson**, 32 A.3d 839 (Pa. Super. 2011). Appellant's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on January 25, 2012. On May 14, 2012, Appellant filed a timely *pro se* PCRA petition raising various ineffective assistance claims. On November 7,

_____

[*] Former Justice specially assigned to the Superior Court.

2013, the PCRA court entered an order denying Appellant's PCRA petition. On November 22, 2013, Appellant filed a timely notice of appeal. This Court affirmed on June 2, 2014. **See Commonwealth v. Pearson**, No. 2095 MDA 2013, 2014 Pa. Super. Unpub. LEXIS 4103 (June 2, 2014).

On August 2, 2022, Appellant filed a motion requesting DNA testing of hats that were in the vehicle that was reported to have been driven away from the scene. On August 17, 2022, the trial court "issued an Order denying the request for DNA testing, concluding the Motion was not timely proffered, and because the presence of DNA of anyone other than [Appellant] on any of the hats would not constitute exculpatory evidence that would likely have affected the outcome of the trial," especially given Appellant's own admissions and eyewitness testimony. Tr. Ct. Op. at 2. The order advised Appellant that he had thirty days to appeal to this Court.

On September 7, 2022, Appellant handwrote a request for a time extension of thirty days to appeal the order denying his request for DNA testing. The trial court received it on September 14, 2022, and on the same day, the trial court sent a reply to Appellant declining to extend the deadline for filing an appeal. On the same day as the reply, September 14, 2022, Appellant typed a document alleging various errors of the trial court regarding its denial for DNA testing. It was filed in the court on September 26, 2022. The document was listed on the docket as another "Motion for DNA Testing," and, although the trial court admits to not having been aware of this document at the time of its filing, the trial court does not construe the document as a

notice of appeal because it does not mention "appeal" or "notice of appeal" and was not substantially in the form of Pa.R.A.P. 904, which governs the content of a notice of appeal. No action was taken by the trial court.

From July to October 2023, Appellant filed various requests for documents from the court. On October 27, 2023, the trial court received a letter from Appellant stating he "would still like to pursue this appeal" and asked that he be permitted to "file my 1925 (B) nunc pro tunc." He attached to the letter a proof of service attempting to indicate that he had filed a notice of appeal on September 14, 2022, although Appellant's correspondence to the court from September 14, 2022 was a request for an extension of time to file an appeal, not a proper notice of appeal.

The trial court responded by filing an order on November 6, 2023. In the order, the court clarified that no appeal is pending in this case, no notice of appeal was ever filed, and the deadline to appeal the order denying Appellant's motion for DNA testing expired more than a year ago. As a result, any request to appeal that order will be untimely. The court also noted that to the extent Appellant's October 27, 2023, letter could be construed as a request to appeal *nunc pro tunc*, the request is denied. The court gave Appellant thirty days to appeal that order.

On November 24, 2023, Appellant filed a notice of appeal of the November 6, 2023, order. Appellant also filed a petition for leave to proceed *in forma pauperis* which was granted. On November 27, 2023, the trial court ordered Appellant to file a concise statement of matters complained of on

appeal pursuant to Rule 1925(b). To date, Appellant has never filed a 1925(b) statement in this case. However, the trial court's order did not comply with Rule 1925(b) in that the court failed to indicate the address to which the statement should be mailed. The trial court filed a 1925(a) opinion on February 5, 2024. This appeal follows.

With a focus on the DNA testing, Appellant raises these issues for our review, verbatim:

> 1. DID THE TRIAL COURT ERROR BY APPLYING THE TIME BAR STATUTE WHEN STATUTORY CONSTRUCTION READS THAT FRAUD IS NOT APPLICABLE UNDER 42 PA.C.S.A. § 9541-9546?
>
> 2. DID THE TRIAL COURT ERROR BY APPLYING THE PA.R.A.P. RULE 904?
>
> 3. DID THE TRIAL COURT DENY APPELLATE [sic] HIS STATE AND FEDERAL CONSTITUIONAL [sic] RIGHT TO DUE PROCESS, WHEN IT ALLOWED THE COMMONWEALTH TO COMMIT FRAUD?
>
> 4. WHETHER APPELLATE [sic] IS ACTUALLY AND FACTUALLY INNOCENT BASED ON, "ON THE RECORD" FRAUD THAT WAS PERPETRATED BY THE COMMONWEALTH?
>
> 5. BRADY VIOLATIONS

Appellant's Br. at 7.

Initially, we note that the order being appealed is not the order that denied Appellant's request for DNA testing. We conclude that Appellant's initial motion for DNA testing was a second or subsequent PCRA petition. In *Williams v. Erie County District Attorney's Office*, 848 A.2d 967, 969 (Pa. Super. 2004), we found that a motion for DNA testing constitutes a post-conviction petition under the PCRA "regardless of the title of the document

filed." ***Id***. We reiterated that "an appellant's 'motion for DNA testing (filed in advance of utilizing the PCRA as a vehicle to obtain DNA results) avoids the one-year time bar of 42 Pa. C.S.A. § 9545.'" ***Id.*** (quoting ***Commonwealth v. McLaughlin***, 835 A.2d 747, 750 (Pa. Super. 2003)). ***See generally, Commonwealth v. Heilman***, 867 A.2d 542 (Pa. Super., filed January 18, 2005) (treating motion for DNA testing as timely PCRA petition pursuant to 42 Pa. C.S.A. section 9543.1). Thus, in this instance, Appellant's *pro se* request for DNA testing pursuant to section 9543.1 was a second or subsequent PCRA petition but was not subject to the time bar in section 9545.

Although the trial court did not explicitly acknowledge this procedural aspect, it was correct in not applying the filing requirements of 42 Pa.C.S. § 9545 as they are not implicated in the DNA context. However, a request for DNA testing under section 9543.1 includes its own timeliness requirement and other dictates for the trial court's consideration:

> 42 Pa.C.S. § 9543.1(d) requires the petitioner to make a timely request for DNA testing. In analyzing timeliness for purposes of Section 9543.1(d)(1)(iii), the court must consider the facts of each case to determine whether the applicant's request for post-conviction DNA testing is to demonstrate his actual innocence or to delay the execution of sentence or administration of justice.

***Commonwealth v. Hardy***, 274 A.3d 1240, 1248 (Pa. Super. 2022).

The record reflects that the trial court made these considerations in its August 17, 2022, order denying Appellant's motion for DNA testing. The order states that Appellant never raised the aforementioned hats in any prior PCRA proceeding and that the hats were not relied upon as evidence. The order

further states that Appellant admitted to being involved in the shooting and eyewitnesses placed him at the scene. The trial court determined on the merits that even if testing were done and the existence of DNA belonging to someone else was on the hats, that would not change the testimony that was presented. Finally, the order mentions the timeliness requirement in 42 Pa.C.S. § 9543.1(d) and concludes that Appellant's request was not timely. As stated above, the order also gives Appellant thirty days to file an appeal, which Appellant never did. **See** Tr. Ct. Order, 8/17/22.

Nonetheless, we may not address that decision of the trial court. Although Appellant's brief requests that this Court vacate that order and order DNA testing of the hats, Appellant's Br. at 15, we lack jurisdiction to address a challenge to the court's order denying his motion for DNA testing. While Appellant appropriately raised his request for DNA testing of certain evidence in a motion filed separately from a PCRA petition, he did not file a timely notice of appeal from the denial thereof. **See Commonwealth v. Weeks**, 831 A.2d 1194, 1196 (Pa. Super. 2003), "Post conviction DNA testing does not directly create an exception to § 9545's one-year time bar. **See** 42 Pa.C.S.A. § 9543.1. Rather it allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)."); **Commonwealth v. Gacobano**, 65 A.3d 416, 419 (Pa. Super. 2013) (stating a request for DNA testing and "other PCRA-based requests for relief . . . must be bifurcated and the DNA testing issue is to be addressed first"); **see also**

- 6 -

Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.").

Therefore, this Court does not have jurisdiction to review Appellant's arguments that the court improperly denied his motion. *See In re Greist*, 636 A.2d 193, 195 (Pa. Super. 1994) (stating that "[t]he 30-day period [in which to file an appeal] must be construed strictly" and "[t]his Court has no jurisdiction to excuse a failure to file a timely notice.").

However, the instant appeal is not to the trial court's August 17, 2022, order denying DNA testing but instead it is to the trial court's order denying Appellant's request to appeal the August 17, 2022, order *nunc pro tunc*. We construe Appellant's October 27, 2023, letter to the trial court stating he "would still like to pursue this appeal" and asking that he be permitted to "file my 1925 (B) nunc pro tunc" as a subsequent PCRA petition. "Any perceived injustice cannot warrant the judicial creation of an extra-PCRA remedy for claims exclusively reserved by the PCRA statute." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (citation omitted). If a defendant's claim is cognizable under the PCRA, a petitioner may only obtain relief under the PCRA. *Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. Super. 2013). Moreover, if the claim is cognizable under the PCRA, a post-conviction motion or petition will be treated as a PCRA petition regardless of the title of the document filed. *Commonwealth v. Barndt*, 74 A.3d 185, 190

n.7 (Pa. Super. 2013). Thus, the only way Appellant could get the relief he sought—to file an appeal *nunc pro tunc*—was through a PCRA petition.

Therefore, Appellant's October 27, 2023, *pro se* letter stating he "would still like to pursue this appeal" and asking that he be permitted to "file my 1925 (B) nunc pro tunc" is a subsequent, untimely PCRA petition. The trial court's order also acknowledged as much, noting that to the extent Appellant's October 27, 2023 letter could be construed as a request to appeal *nunc pro tunc*, the request is denied.

The issue then becomes whether the trial court properly denied Appellant's *pro se* PCRA petition seeking reinstatement of his rights to appeal *nunc pro tunc* the order denying his motion for DNA testing. "[A]n appeal *nunc pro tunc* is intended to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." **Commonwealth v. Stock**, 679 A.2d 760, 764 (Pa. 1996). Since a petition seeking restoration of PCRA appellate rights *nunc pro tunc* must be treated as a subsequent PCRA petition, "all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA." **Fairiror**, 809 A.2d at 397. "The PCRA timeliness requirement [] is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013). "The court cannot ignore a petition's untimeliness and reach the merits of the petition." **Id**.

Here, Appellant's judgment of sentence became final on January 25, 2012. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Appellant's current PCRA petition, filed on October 27, 2023, is patently untimely.

"The time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, i.e., by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1284 (Pa. 2016) (citation omitted). A petitioner must allege and prove one of three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, Appellant does not attempt to plead or prove any of the time-bar exceptions. Appellant first argues that his notice of appeal was timely. He attaches to his brief as "Exhibit A" a Department of Corrections postage order and receipt which he claims proves that his notice of appeal was filed on time. Appellant's Br. at 11. However, the date written on the receipt is December 12, 2023. In order for us to have jurisdiction to review the denial of his motion

requesting DNA testing denied by order dated August 17, 2022, the notice of appeal would have had to be deposited to the prison mailbox by September 17, 2022. As Appellant filed his notice of appeal more than one year later, we are unconvinced by Appellant's submission.

Without pleading or alleging any time-bar exception, Appellant then attempts to prove extraordinary circumstances that would warrant reinstatement of his appellate rights *nunc pro tunc*, alleging that his failure to file the notice of appeal was due to a breakdown in court operations and fraud. Appellant's Br. at 11-13. However, Appellant then devotes the remainder of his argument to complaints about the photo lineup and identification, eyewitness credibility, and lack of DNA testing in his trial, calling these things "fraud" by the court and the Commonwealth. None of Appellant's arguments support any of the time-bar exceptions. Therefore, we find that the trial court did not err in denying Appellant's petition for *nunc pro tunc* relief. Accordingly, we affirm the trial court's order of November 6, 2023.

Order affirmed.

Judge Olson Joins the opinion.

Judge Kunselman Concurs in the Result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/06/2024