COMMONWEALTH of Pennsylvania, Appellee,

v.

Abraham G. WEEKS, Appellant.

Superior Court of Pennsylvania.

Submitted March 31, 2003.

Filed Aug. 28, 2003.

Abraham G. Weeks, appellant, pro se.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DEL SOLE, P.J., TODD and KELLY, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Appellant appeals an order denying his Post Conviction Relief Act ("PCRA") petition. After review, we affirm.

¶ 2 Appellant's judgment of sentence was entered on June 3, 1976. Appellant appealed to the Superior Court which affirmed the judgment of sentence on May 27, 1977. *Commonwealth v. Weeks,* 248 Pa.Super. 617, 374 A.2d 713 (1977). Appellant first filed a Post Conviction Hearing Act petition on June 27, 1979 which was denied. This denial was affirmed. *Commonwealth v. Weeks,* 356 Pa.Super. 620, 512 A.2d 1292 (1986). Appellant then filed a PCRA petition June 9, 1992, which was dismissed. Upon appeal, the Superior Court affirmed the dismissal. *Commonwealth v. Weeks,* 434 Pa.Super. 670, 640 A.2d 475 (1994). Most recently Appellant filed a third PCRA petition on July 27, 2001. Again it was dismissed, this time for being untimely, and again Appellant appeals the order dismissing his petition.

¶ 3 On appeal, Appellant claims that the new post conviction DNA testing act creates an exception to the PCRA's time bar on petitions. Appellant's Brief at 7. The PCRA requires that all petitions shall be filed within one year of the date judgment of sentence becomes final, unless it falls under one of three exceptions. 42 Pa. C.S.A. § 9545(b). The three exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b).

¶ 4 In this case Appellant's judgment of sentence became final when direct review ended twenty-four years before he filed his second PCRA petition.

¶ 5 Post conviction DNA testing does not directly create an exception to § 9545's one-year time bar. *See* 42 Pa.C.S.A. § 9543.1. Rather it allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2). *See* 42 Pa.C.S.A. § 9543.1(f)(1). Appellant has not done this. He has filed a PCRA petition instead of making a motion for DNA testing. The petition is therefore untimely as it does not meet the one-year requirement or any of the applicable exceptions under 42 Pa.C.S.A. § 9545. The PCRA court was without jurisdiction to hear the claim and properly dismissed this petition as being untimely.

¶ 6 Order affirmed.