J-S65002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT SHAWN MCPHERSON | |
| Appellant | No. 364 WDA 2014 |

Appeal from the PCRA Order January 31, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012810-1985

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 30, 2016**

Robert Shawn McPherson appeals from the trial court's final order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] After careful review, we find that McPherson's PCRA petition is untimely and we affirm.

The trial court made the following findings of fact and summarized the procedural history as follows:

> The petitioner was convicted of second-degree murder after a jury trial at CC198512810 in Allegheny County, Pennsylvania on April 27, 1987 before the late Honorable John O'Brien.  On September 14, 1988, the defendant was sentenced

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

to a mandatory term of life imprisonment, without the possibility of parole. An appeal to the Superior Court of Pennsylvania at 1990 WDA 1538 affirmed the judgment of sentence on January 8, 1990. A Petition for Allowance of Appeal was filed by defendant at No. 79 WD 1990 and denied on October 4, 1990.

Defendant's lawyer, Erika Kreisman, Esquire, filed a Motion to Order Pittsburgh Police to look for Stored Evidence on December 9, 2008. The object of the motion was to recover crime-scene evidence for submission for DNA testing and analysis. Hearings were held on January 13, 2009 and February 4, 2009, and the subject exhibits appear to be lost, misplaced, or destroyed. There does not appear to be any misconduct on the part of police being unable to produce any exhibits after a diligent search. In any event, the exhibits are not available for testing. The Court entered an Order dismissing a PCRA filed on behalf of defendant by Sally Frick, Esquire, and a timely appeal was filed.

Trial Court Opinion, 3/9/15, at 1-2.

McPherson argues that he is entitled to DNA testing of certain physical evidence obtained from the original crime scene. Although McPherson admits that "following an evidentiary hearing, it became apparent that the physical evidence was destroyed because the police property/evidence room where it was stored was flooded and nothing was salvaged," McPherson insists that "there must be some type of remedy to be fashioned from the Commonwealth's failure to provide such evidence, despite [lack of] any deliberate destruction." Appellant's Brief, at 5.

To begin, we must first address whether McPherson's PCRA petition is timely, as this may affect whether the PCRA court had jurisdiction over his

petition. *See Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012) ("Even where neither party nor the PCRA court have addressed the matter, it is well-settled that we may raise it *sua sponte* since a question of timeliness implicates . . . jurisdiction.")  McPherson first suggests that his request for DNA testing falls within the purview of Section 9543.1, and that a motion for post-conviction DNA testing "is not subject to the one-year jurisdictional time bar applicable to other PCRA petitions seeking collateral relief."  Appellant's Brief, at 7.

We agree that a motion for post-conviction DNA testing is not subject to the same jurisdictional time restrictions as a PCRA petition.[2]  *See Commonwealth v. Brooks*, 875 A.2d 1141, 1146 (Pa. Super. 2005) ("The PCRA's one-year time bar does not apply to motions for the performance of forensic DNA testing under § 9543.1.").  In this case, however, there is no physical evidence to submit for DNA testing, so Section 9543.1 cannot apply.[3]  Therefore, McPherson is not entitled to relief because his PCRA

---

[2] McPherson ignores the requirement that when a motion for post-conviction DNA testing is filed, "the evidence shall be available for testing as of the date of the motion."  42 Pa.C.S. 9543.1(a)(2).  McPherson admits that the physical evidence he wishes to submit for DNA testing is no longer available. *See* Appellant's Brief, at 7.

[3] While section 9543.1 "does not directly create an exception to the one-year time bar, it allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)." *Commonwealth v. Weeks*, 831 A.2d 1194, 1196 (Pa. Super. 2003).

petition is untimely and he did not plead any exception to the PCRA time bar provisions.[4]

*Gandy*, *supra,* is instructive on the issue of whether McPherson's request for DNA testing of destroyed physical evidence is timely under the PCRA. In *Gandy*, the Court held:

> In these circumstances, Appellant is trying to invoke the DNA testing components of § 9543.1 as a jurisdictional hook in order to present his constitutional claims regarding the destruction of evidence. We have previously ruled § 9543.1 cannot be used to raise extraneous issues not related to DNA testing in an effort to avoid the one-year time bar. Appellant's claims relate exclusively to the destruction of evidence that likely occurred over 25 years ago, not to any recent DNA testing conducted pursuant to § 9543.1.
>
> We, therefore, conclude that Appellant's third, *pro se* PCRA petition was untimely, and that he failed to meet an exception to the PCRA timeliness requirements. Because the PCRA court below lacked jurisdiction, it was precluded from entertaining any claim or affording Appellant any form of relief from the alleged constitutional violations.

*Gandy*, 38 A.3d at 905-906.

Like in *Gandy*, McPherson filed his PCRA petition under the guise of a motion for post-conviction DNA testing. After an evidentiary hearing to determine whether the physical evidence from McPherson's case still exists,

_____

[4] A PCRA petition must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner alleges and proves one of the exceptions enumerated under the PCRA. *See* 42 Pa.C.S. § 9545(b)(1)(i-iii).

- 4 -

the trial court determined that "the subject exhibits appear to be lost, misplaced, or destroyed." Trial Court Opinion, 3/10/15, at 2. Therefore, we cannot entertain McPherson's claim because his PCRA petition is untimely.[5]

Judgment of sentence affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2016

---

[5] McPherson's judgment of sentence became final on January 4, 1991, ninety days after McPherson's petition for allowance of appeal to the Supreme Court was denied. **See** 42 Pa.C.S. § 9545(b)(3); Sup.Ct. R. 13. McPherson had one year from the date when his judgment of sentence became final to file a timely PCRA petition, unless the petition alleged and McPherson proved one of the exceptions enumerated under the PCRA. **See** 42 Pa.C.S. § 9545(b)(1)(i-iii). Here, he did not file his petition until almost seventeen years later and also alleged no section 9545(b)(1) exception.