J. S25035/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MILTON HUMBERTO SAULA-RIVERA, | : | No. 2806 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, August 20, 2016,
in the Court of Common Pleas of Monroe County
Criminal Division at No. CP-45-CR-0001163-2007

BEFORE:  BENDER, P.J.E., RANSOM, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　　**FILED MAY 15, 2017**

Milton Humberto Saula-Rivera appeals, ***pro se***, from the order of

August 20, 2016, dismissing his second PCRA[1] petition.  We affirm.

> This case has as its genesis [appellant]'s repeated sexual assault of his eleven-year-old stepdaughter, S.H.  After S.H. revealed the sexual abuse to her school guidance counselor, [appellant] was arrested and charged with Rape of a Child, Involuntary Deviate Sexual Intercourse, Unlawful Contact with a Minor, Aggravated Indecent Assault, Statutory Sexual Assault, Sexual Assault, Indecent Assault, Corruption of Minors, Indecent Exposure, and Endangering the Welfare of a Child.  Thereafter, on January 10, 2008, following a jury trial, [appellant] was convicted of all charges.

> On April 15, 2008, the trial court sentenced [appellant] to an aggregate term of not less than 20 nor more than 40 years['] incarceration.  On July 21,

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

2008, the lower court denied [a]ppellant's Motion for Reconsideration of Sentence.

*Commonwealth v. Saula-Rivera*, No. 2479 EDA 2008, unpublished memorandum at 1-2 (Pa.Super. filed December 15, 2009) (footnotes omitted). Appellant filed a direct appeal, and on December 15, 2009, this court affirmed the judgment of sentence. *Id.*; *Commonwealth v. Saula-Rivera*, 990 A.2d 53 (Pa.Super. 2009) (unpublished memorandum). On May 28, 2010, our supreme court denied allowance of appeal, and on October 18, 2010, the United States Supreme Court denied appellant's petition for writ of *certiorari*. *Commonwealth v. Saula-Rivera*, 996 A.2d 492 (Pa. 2010), *cert. denied*, 562 U.S. 985 (2010).

On October 25, 2010, appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition on appellant's behalf. On April 8, 2011, following an evidentiary hearing, the PCRA court denied appellant's amended petition. On December 1, 2011, this court affirmed, and on June 5, 2012, our supreme court denied appellant's petition for allowance of appeal. *Commonwealth v. Saula-Rivera*, 40 A.3d 180 (Pa.Super. 2011) (unpublished memorandum), *appeal denied*, 47 A.3d 847 (Pa. 2012).

Appellant filed the instant petition, his second, on May 5, 2016. Therein, appellant requested the PCRA court to order that physical evidence in the Commonwealth's possession be DNA tested pursuant to 42 Pa.C.S.A. § 9543.1. Appellant also claimed that his trial counsel was ineffective for,

*inter alia*, failing to request that all available physical evidence be subjected to DNA testing, failing to adequately investigate the facts of the case, failing to retain a medical expert to contest the Commonwealth's expert's findings, and failing to retain a child psychologist to testify regarding the child victim's testimony and recollection. (PCRA court opinion, 8/9/16 at 3.) On August 9, 2016, following 20-day notice pursuant to Pa.R.Crim.P. 907 and appellant's response thereto, the petition was dismissed. This timely appeal followed. On August 26, 2016, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b), and he timely complied on September 16, 2016. (Docket #8.) On September 28, 2016, the PCRA court filed a Rule 1925(a) opinion, relying on its opinion and order of August 9, 2016, dismissing appellant's petition. (Docket #9.)

> Initially, we note that, when examining the propriety of an order resolving a request for DNA testing, we employ the PCRA standard of review. ***See Commonwealth v. Conway***, 14 A.3d 101 (Pa.Super. 2011); ***Commonwealth v. Brooks***, 875 A.2d 1141 (Pa.Super. 2005). "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." ***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa.Super. 2012) (quoting ***Commonwealth v. Calhoun***, 52 A.3d 281, 284 (Pa.Super. 2012)). In the present matter, we are considering the PCRA court's denial of a request for DNA testing. In this context, the filing requirements of 42 Pa.C.S. § 9545 have not yet been implicated. As we noted in ***Commonwealth v. Weeks***, 831 A.2d 1194, 1196 (Pa.Super. 2003), "Post conviction DNA testing does not directly create an exception to

§ 9545's one-year time bar. *See* 42 Pa.C.S.A. § 9543.1. Rather it allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2). *See* 42 Pa.C.S.A. § 9543.1(f)(1)."[Footnote 2] *Accord Commonwealth v. Scarborough*, ___Pa. ___, 64 A.3d 602, 609 (2013) ("the litigation of a motion for DNA testing under Section 9543.1 is, in substance, a wholly separate proceeding from litigation of a PCRA petition."); *Commonwealth v. Williams*, 35 A.3d 44, 50 (Pa.Super. 2011) [, *appeal denied*, 50 A.3d 121 (Pa. 2012)] ( "This Court has consistently held the one-year jurisdictional time bar of the PCRA does not apply to motions for DNA testing under Section 9543.1.").

[Footnote 2] 42 Pa.C.S. § 9543.1(f), posttesting procedures, provides:

(1) After the DNA testing conducted under this section has been completed, the applicant may, pursuant to section 9545(b)(2) (relating to jurisdiction and proceedings), during the 60-day period beginning on the date on which the applicant is notified of the test results, petition to the court for postconviction relief pursuant to section 9543(a)(2)(vi) (relating to eligibility for relief).

*Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa.Super. 2013).

Furthermore, as in *Gacobano*,

While the PCRA petition filed in this case com[m]ingled the DNA test request with other PCRA-based requests for relief, the two forms of relief

> must be bifurcated and the DNA testing issue is to be addressed first.  **Williams**, **supra**.  Furthermore, in this appeal, Appellant only litigates his DNA issue.  Thus, we do not apply the provisions of 42 Pa.C.S. § 9545 herein.

**Id.**[2]

The PCRA court dismissed appellant's petition on the basis that he filed a PCRA petition instead of a motion for DNA testing.  (PCRA court opinion, 8/9/16 at 4-5.)  **See Williams**, 35 A.3d at 50 ("An application for DNA testing should be made in a motion, **not** in a PCRA petition.  Though brought under the general rubric of the PCRA, motions for post-conviction DNA testing are clearly separate and distinct from claims brought pursuant to other sections of the PCRA." (citations and quotation marks omitted; emphasis in original)).  The PCRA court concluded that appellant's PCRA petition was filed beyond the one-year jurisdictional time-bar and no exception to the PCRA's timeliness requirement applied.  (PCRA court opinion, 8/9/16 at 5.)  **See** 42 Pa.C.S.A. § 9545(b)(1) (a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final).  However, in **Commonwealth v. Young**, 873 A.2d 720 (Pa.Super. 2005), **appeal denied**, 891 A.2d 733 (Pa. 2005), **overruled on other grounds by**

---

[2] In his Rule 1925(b) statement and in his brief on appeal, appellant did not raise his trial counsel ineffectiveness claims contained in his second PCRA petition.

*Commonwealth v. Wright*, 14 A.3d 798 (Pa. 2011), this court observed

that,

> [W]hile filing a motion for DNA testing is preferred, where as here, a *pro se* defendant's sole request in a PCRA petition is the equivalent of a section 9543.1 motion, we find that the trial court and this Court may address it on its merits. To consider a request for DNA testing as untimely based solely on the nomenclature used would merely elevate form over substance.

*Id.* at 724 n.2.

"Moreover, 'the DNA testing statute, which was passed unanimously by the Pennsylvania General Assembly, should be regarded as a remedial statute and interpreted liberally in favor of the class of citizens who were intended to directly benefit therefrom, namely, those wrongly convicted of a crime.'" *In re Payne*, 129 A.3d 546, 554 (Pa.Super. 2015) (*en banc*), *appeal denied*, 145 A.3d 167 (Pa. 2016), quoting *Commonwealth v. Conway*, 14 A.3d 101, 113 (Pa.Super. 2011), *appeal denied*, 29 A.3d 795 (Pa. 2011). Nevertheless, we agree with the PCRA court that even treating appellant's petition as a motion for DNA testing, he failed to meet the threshold requirements under Section 9543.1.

The DNA statute, Section 9543.1, provides, in pertinent part, as follows:

> **(a) Motion.**--
>
> (1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or

awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

**(c)** **Requirements.--**In any motion under subsection (a), under penalty of perjury, the applicant shall:

(1)  (i)   specify the evidence to be tested;

    (ii)  state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

    (iii)  acknowledge that the applicant understands that, if the motion is granted, any data

obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2) (i) assert the applicant's actual innocence of the offense for which the applicant was convicted[.]

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

**(d) Order.--**

(1) Except as provided in paragraph (2), the court shall order the testing requested in a motion under subsection (a) under reasonable conditions designed to preserve the integrity of the evidence and the testing process upon a determination, after review of the record of the applicant's trial, that the:

(i) requirements of subsection (c) have been met;

(ii) evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been altered in any material respect; and

(iii) motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice.

(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility that the

> testing would produce exculpatory evidence that:
>
> (i) would establish the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1.

> The statute sets forth several threshold requirements to obtain DNA testing: (1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency. 42 Pa.C.S.A. § 9543.1(a)(2).

**Williams**, 35 A.3d at 49.

Instantly, appellant did not specify the particular items in the possession of the Commonwealth for which he sought DNA testing. (PCRA court opinion, 8/9/16 at 6.) In his brief, appellant alleges that, "The Commonwealth maintained numerous items of clothing including the victim[']s panties, clothing, towels, and examined numerous pieces of evidence, clothing, towels etc. used by the [a]ppellant. These select items are available for DNA testing and will prove that the [a]ppellant [Saula-]Rivera never had any sexual relations with the victim." (Appellant's

brief at 9.)  Appellant never alleged that this evidence was first discovered after his trial in 2008.  Furthermore, as the PCRA court observed, the verdict in appellant's case was rendered after January 1, 1995, and DNA testing technology was available at that time.  (PCRA court opinion, 8/9/16 at 6.)  Appellant never requested funds from the trial court to pay for DNA testing, so the trial court never refused such a request.  (**Id.**)  As such, the PCRA court properly concluded that appellant did not meet the threshold requirements for DNA testing under Section 9543.1(a)(2).  **Williams**, 35 A.3d at 51, citing **Commonwealth v. Perry**, 959 A.2d 932, 938 (Pa.Super. 2008) (affirming denial of request for DNA testing because technology for testing was available at time of applicant's trial, verdict was entered after January 1, 1995, and trial court did not deny funds for testing, despite applicant's indigence).

In addition, appellant failed to state that he consented to provide samples of bodily fluid for use in DNA testing and acknowledge that any data obtained from DNA samples or test results may be used in the investigation of other crimes.  Also, while appellant asserted his actual innocence of the offenses, he failed to present a **prima facie** case demonstrating that DNA testing of specific evidence, assuming exculpatory results, would establish his actual innocence.  **See Williams**, 35 A.3d at 50 ("The statutory standard to obtain testing requires more than conjecture or speculation; it demands a prima facie case that the DNA results, if exculpatory, would establish actual

innocence."), citing **Commonwealth v. Smith**, 889 A.2d 582, 586 (Pa.Super. 2005), **appeal denied**, 905 A.2d 500 (Pa. 2006).

Finally, to the extent that appellant argued trial counsel was ineffective for failing to request DNA testing on items of the victim's clothing, he did not satisfy a statutory exception to the PCRA's timeliness requirements. **Williams**, 35 A.3d at 53 (explaining that, "Appellant's request for DNA testing did not constitute a direct exception to the time bar of the PCRA"), citing **Weeks**, 831 A.2d at 1196. It is well settled that claims of trial counsel ineffectiveness do not operate as an independent exception to the one-year jurisdictional time-bar of the PCRA. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000) (holding a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); **see also Commonwealth v. Breakiron**, 781 A.2d 94, 97 (Pa. 2001) (allegations of ineffective assistance of counsel will not avoid the timeliness requirement of the PCRA). Rather, appellant first had to meet the standards for DNA testing, obtain the DNA testing, and then offer the exculpatory results as an exception to the PCRA time limits within 60 days after receiving the results. **Williams**, 35 A.3d at 53-54. For these reasons, the PCRA court did not err in dismissing appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2017