J-A09036-20

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEAN SASANKO, | : | |
| | : | |
| Appellant | : | No. 819 WDA 2019 |

Appeal from the PCRA Order Entered May 17, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000654-1984

BEFORE: SHOGAN, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: FILED JUNE 23, 2020

Dean Sasanko (Appellant) appeals pro se from the May 17, 2019 order dismissing without a hearing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On June 27, 1984, following a jury trial, Appellant was convicted of two counts of first-degree murder for the January 9, 1984 shooting deaths of his stepfather and grandmother. At the time of the murders, Appellant was 18 years and 3 months old. On February 27, 1985, Appellant was sentenced to two terms of life imprisonment without the possibility of parole (LWOP) to be served consecutively. Appellant timely filed an appeal, and this Court affirmed his judgment of sentence on January 17, 1986. Commonwealth v. Sasanko, 508 A.2d 343 (Pa. Super. 1986) (unpublished memorandum). On February 13, 1986, our Supreme Court denied Appellant's petition for

_____
* Retired Senior Judge assigned to the Superior Court.

allowance of appeal. Appellant did not file a petition for a writ of certiorari with the Supreme Court of the United States.

Appellant has filed five PCRA petitions, none of which has resulted in relief. On August 23, 2012, Appellant filed his third PCRA petition invoking Miller v. Alabama[1] to meet the PCRA's time-bar exception for newly recognized constitutional rights pursuant to 42 Pa.C.S. § 9545(b)(1)(iii). This Court affirmed the PCRA court's dismissal of this petition because Miller does not apply to defendants who, like Appellant, were 18 years of age or older at the time they committed their crimes. Commonwealth v. Sasanko, 97 A.3d 794 (Pa. Super. 2014) (unpublished memorandum at 6). In Appellant's next petition, he attempted to raise his Miller claim by invoking Montgomery v. Louisiana. 136 S.Ct. 718 (2016) (holding that Miller applies retroactively). Again, this Court affirmed the PCRA court's dismissal because Miller is not applicable to Appellant. Commonwealth v. Sasanko, 169 A.3d 1148 (Pa. Super. 2017) (unpublished memorandum at 3).

Appellant pro se filed the instant PCRA petition on August 25, 2016, repeating his claim that he is entitled to relief under Miller and Montgomery. PCRA Petition, 8/25/2016, at 4. On November 3, 2016, the PCRA court stayed Appellant's petition because his prior PCRA appeal was

---

[1] Miller v. Alabama, 567 U.S. 460 (2012) held that a mandatory sentence of LWOP is unconstitutional when imposed on a defendant convicted of murder who was under the age of 18 at the time of the crime.

still pending before this Court. Order Staying 8/25/2016 PCRA Petition, 3/11/2016. After this Court affirmed the dismissal of Appellant's fourth PCRA petition, the PCRA Court filed notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 because Appellant's petition was untimely, without merit, and previously litigated. Notice of Intention to Dismiss, 4/5/2019.  Appellant filed a response objecting to the PCRA court's notice of intent to dismiss, and raised for the first time a request for post-conviction DNA testing. On May 17, 2019, the PCRA court dismissed Appellant's PCRA petition. PCRA Order, 5/17/2019. This appeal followed.[2]

For a PCRA petition, including a subsequent petition, to be timely, it must be filed within one year of the date the judgment of sentence is final, or the petition must allege and the petitioner must prove that an exception to the PCRA's time bar applies. 42 Pa.C.S. § 9545(b)(1). At the time Appellant filed his petition, exceptions to the PCRA's time bar were required to be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).[3] The PCRA's time restrictions are jurisdictional in

_____

[2] The PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b), and none was filed. In lieu of filing a Pa.R.A.P. 1925(a) opinion, the PCRA court directed this court to the reasons set forth in its notice of intention to dismiss. See PCRA Court Order, 6/13/2019.

[3] Although inapplicable to this appeal, we note that subsection 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing from 60 days of the date the claim could
(Footnote Continued Next Page)

nature. Commonwealth v. Robinson, 139 A.3d 178, 185 (Pa. 2016). As such, neither this Court nor the PCRA court has the power to address the merits of untimely-filed petitions that do not meet a time-bar exception. Id.

Appellant's petition is facially untimely because it was filed nearly 30 years after his judgment of sentence became final. As detailed supra, Appellant attempts to invoke Miller to argue that the newly-recognized and retroactively-applicable constitutional right exception to the PCRA's time bar applies to him. However, an en banc panel of this Court has resolved already Appellant's arguments. In Commonwealth v. Lee, 206 A.3d 1 (Pa. Super. 2019) (en banc), this Court held that Miller applies only to defendants who were under the age of 18 at the time of their crimes. As such, based on current law, Miller cannot be relied upon to establish the PCRA time-bar exception at subsection 9545(b)(1)(iii) for those defendants who were 18 or older at the time of their crimes. Because Appellant was 18 years old when he committed his crimes, Miller does not apply and cannot be used to render his petition timely filed pursuant to subsection 9545(b)(1)(iii). Accordingly, the PCRA court did not err in dismissing Appellant's petition.

Appellant's attempt to request post-conviction DNA testing for the first time in his response to the PCRA court's notice of intent to dismiss was not properly pleaded, and it does not render his PCRA petition timely. See

(Footnote Continued) ————————————
have been presented, to one year. See Act 2018, Oct. 24, P.L. 894, No. 146, § 3

Appellant's Objection to Notice of Intention to Dismiss, 4/29/2019, at 3. We note initially that a petitioner cannot raise new PCRA claims in response to a notice of intent to dismiss. Moreover, even if Appellant had sought leave of court to raise a new PCRA claim, because his petition was untimely filed and he did not plead and prove a timeliness exception, the PCRA court was without jurisdiction to review the merits of any claims. See Commonwealth v. Rykard, 55 A.3d 1177, 1189 (Pa. Super. 2012); Commonwealth v. Weeks, 831 A.2d 1194, 1196 (Pa. Super. 2003) ("Post conviction DNA testing does not directly create an exception to § 9545's one-year time bar. Rather it allows for a convicted individual to obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S. § 9545(b)(2)." (citations omitted)).

To the extent that Appellant was attempting to file a petition for post-conviction DNA testing pursuant to 42 Pa.C.S. § 9543.1, this was not the proper avenue to do so. "Motions for post-conviction DNA tests, while considered post-conviction petitions under the PCRA, are clearly separate and distinct from claims pursuant to other sections of the PCRA." Commonwealth v. Perry, 959 A.2d 932, 938 (Pa. Super. 2008) (citations omitted). Accordingly, "[a]n application for DNA testing should be made in a motion, not in a PCRA petition." Commonwealth v. Williams, 35 A.3d 44, 50 (Pa. Super. 2011) (emphasis in original) (citing Weeks, 831 A.2d 1194,

1196); 42 Pa.C.S. § 9543.1(a)(1) ("An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court."). Because Appellant did not make a written motion to the sentencing court for post-conviction DNA testing pursuant to 42 Pa.C.S. § 9543.1, the PCRA court did not and could not have rendered a decision on it, and the matter is not before us on appeal.

Based on the foregoing, Appellant has not satisfied an exception to the PCRA's time bar. Accordingly, we affirm the PCRA court's dismissal of Appellant's petition without a hearing. See Commonwealth v. Albrecht, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to establish a timeliness exception).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2020