J-S18009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

SHAWN FREEMORE,

          Appellant

          v.

COMMONWEALTH OF PENNSYLVANIA,

          Appellee

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

No. 115 EDA 2021

Appeal from the Order Entered November 9, 2020
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000258-2009.

BEFORE:  PANELLA, P.J., McCAFFERY, J., AND COLINS, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED JULY 9, 2021**

Shawn Freemore brings this *pro se* appeal from the order denying his motion for post-conviction DNA testing filed under Section 9543.1 of the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In early February of 2009, at the age of nineteen, Freemore and his co-defendant lured their victim to a remote area and violently stabbed him multiple times.  Details of the event were memorialized in notebooks discovered in Freemore's vehicle and on a digital recording created by Freemore and the co-defendant.  On September 21, 2011, a jury convicted Freemore of first-degree murder, conspiracy to commit murder, and tampering with and/or fabricating physical evidence.  The trial court sentenced

him to serve a term of life imprisonment. Subsequently, this Court affirmed Freemore's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Freemore***, 1710 EDA 2012 (Pa. Super. filed July 23, 2013) (unpublished memorandum), *appeal denied*, 99 A.3d 76 (Pa. 2014).

In April of 2015, Freemore timely filed a first PCRA petition, which the PCRA court denied. This Court affirmed that determination, and our Supreme Court denied allowance of appeal. ***Commonwealth v. Freemore***, 3107 EDA 2015 (Pa. Super. filed August 3, 2016) (unpublished memorandum), *appeal denied*, 166 A.3d 1226 (Pa. 2017). Freemore filed a second PCRA petition in August of 2017, which was likewise dismissed. Again, this Court affirmed the denial of relief, and our Supreme Court denied Freemore's petition for allowance of appeal. ***Commonwealth v. Freemore***, 3611 EDA 2017 (Pa. Super. filed August 3, 2018) (non-precedential decision), *appeal denied*, 207 A.3d 910 (Pa. 2019).

On August 28, 2020, Freemore filed the instant motion seeking post-conviction DNA testing.[1] Specifically, Freemore sought DNA testing of the two notebooks that contained accounts of the incident, which police discovered in Freemore's vehicle. On November 9, 2020, the PCRA court entered an opinion

---

[1] We observe that motions for post-conviction DNA testing, while considered post-conviction petitions under the PCRA, are separate and distinct from claims pursuant to other sections of the PCRA; thus, the one-year time bar does not apply to them. ***See Commonwealth v. Perry***, 959 A.2d 932, 938 (Pa. Super. 2008).

and order denying the requested testing. This timely appeal followed. Both Freemore and the PCRA court complied with Pa.R.A.P. 1925.

Initially Freemore argues that the court erred in denying his motion for post-conviction DNA testing. **See** Appellant's Brief at 8-15. Freemore claims the notebooks offered into evidence were seized because they appeared to have blood on them. He posits that if DNA testing were to reveal there is no actual blood on the notebooks, the items were improperly seized and could not support his conviction of first-degree murder.

"Post-conviction DNA testing falls under the aegis of the [PCRA], … and thus, '[o]ur standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error.'" **Commonwealth v. Conway**, 14 A.3d 101, 108 (Pa. Super. 2011) (citations omitted) (some brackets in original). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. **See Commonwealth v. Watson**, 927 A.2d 274, 277 (Pa. Super. 2007). Moreover, when reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements of Section 9543.1. **See Commonwealth v. Brooks**, 875 A.2d 1141, 1147-1148 (Pa. Super. 2005). It is an appellant's burden to persuade us that the PCRA court erred and relief is due. **See Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa. Super. 2007).

A movant should make a request for post-conviction DNA testing in a motion, not in a PCRA petition. ***See Commonwealth v. Young***, 873 A.2d 720, 724 n.2 (Pa. Super. 2005). Such a request, however, allows a convicted person "to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2)." ***Commonwealth v. Weeks***, 831 A.2d 1194, 1196 (Pa. Super. 2003) (citations omitted).

Importantly, a motion for DNA testing must allege a *prima facie* case that the requested testing, assuming favorable results, would establish the movant's actual innocence. ***See Commonwealth v. Smith***, 889 A.2d 582, 583 (Pa. Super. 2005). If, after reviewing the record, the PCRA court determines no reasonable probability that the testing would produce exculpatory results establishing the movant's actual innocence, the court must deny the motion. ***See Id***.

We have reviewed the briefs of the parties, the relevant law, the record, and the comprehensive opinion and order authored by the Honorable Margherita Patti-Worthington, President Judge of the Court of Common Pleas of Monroe County, dated November 9, 2020, as set forth in the PCRA court's Pa.R.A.P. 1925(a) filing. We conclude that President Judge Patti-Worthington's opinion adequately and accurately addresses Freemore's request for DNA testing and properly denied relief. We agree with the PCRA court that Freemore failed to present a *prima facie* case of actual innocence.

*See* Trial Court Opinion, 11/9/20, at 3-8 (addressing statutory requirements to secure post-conviction DNA testing and concluding Freemore failed to set forth a *prima facie* case of actual innocence). Accordingly, we discern no error on the part of the PCRA court in denying Freemore's post-conviction motion for DNA testing and affirm on the basis of the PCRA court's opinion.

Freemore also argues that the PCRA court's opinion is "so full of factual inaccuracies as to render it moot in these proceedings." Appellant's Brief at 15. In his argument, Freemore presents a litany of PCRA court statements that he claims are not supported by the record. *See id*. at 15-17. However, Freemore fails to direct our attention to specific points in the certified record that support his allegations of inaccuracy and would nullify the PCRA court's determination. It is not the role of this Court to scour the record to find specific evidence to support an appellant's arguments. *See Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007). Moreover, we have reviewed the certified record and discern no error by the PCRA court in presenting its analysis and reasoning for denying Freemore's post-conviction motion for DNA testing. Hence, Freemore's claim lacks any basis for relief.[2]

_____

[2] After the filing of his appellate brief, Freemore filed a motion to amend the brief, specifically seeking permission to add one sentence to page five of his brief. In a *per curiam* order, this Court granted Freemore's request and directed him to send an errata sheet with his requested correction. However, the errata sheet was not received by this Court. Rather, Freemore filed a second motion to amend his brief requesting that the errata sheet Freemore indicated that he previously sent to this Court be accepted as filed, even though it included more changes than permitted in this Court's order. *(Footnote Continued Next Page)*

J-S18009-21

Order affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2021

<hr />

Eventually, this Court received an errata sheet, which contained two pages of corrections to his appellate brief and nine pages of attachments. Appellant's second motion to amend was referred to this panel for disposition.

In the motion before us, Freemore indicates that the "added information not specifically requested in the original motion to amend as the information was gleaned after the request was filed." Motion, 4/19/21, at 1 ¶3. We consider this to be an effort by Freemore to circumvent the time constraints for the filing of appellate briefs. Accordingly, we deny the instant motion to amend.

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     : 258 CR 2009

                   :

          vs.                   : ____ EDA 2020

                   :

SHAWN FREEMORE,             :

          Defendant          : APPEAL

                   :

## STATEMENT PURSUANT TO Pa. R.A.P. 1925(a)

We submit this statement in response to Shawn Freemore's ("Appellant") appeal from this Court's Opinion and Order dated November 9, 2020, denying Appellant's *pro se* Motion for Post-Conviction DNA Testing pursuant to 42 Pa.C.S.A. § 9543.1. We incorporate by reference the factual and procedural history of this case as set forth in Our November 9, 2020 Opinion and Order.

On December 2, 2020, Appellant filed his Notice of Appeal. On December 17, 2020, We timely received Appellant's Concise Statement pursuant to Pa. R.A.P. 1925(b) which contained the following alleged errors: (1) this Court erred "when it refused to grant the Motion for Post-Conviction DNA Testing pursuant to 42 Pa.C.S.A. § 9543.1 for its stated reasons, creating Due Process violations and depriving Defendant of [s]tatutory protection;" and (2) this Court's "Opinion was so full of factual errors that, if accepted as true, would completely alter the history of this case. Errors include, but are not limited to, Commonwealth's disclosure, and Defendant's knowledge, of blood prior to trial; PCRA Attorney's knowledge while active attorney; PCRA Court's ruling on 'search' issue; the known importance of Trooper Barletto's brief comment; the relevance of whether or not there is blood; the weight and degree of Defendant's tape recorded confession; and the Trial Court's downplaying of the weight of the notebooks at trial for specific

degree conviction in relation to other presented evidence." Concise Statement of Errors Complained of on Appeal, 12/17/2020, p. 1.

We fully addressed Appellant's issues, and the various claims therein, in Our November 9, 2020 Opinion and Order. We attach same hereto and rely on Our reasoning therein to find Appellant's issues on appeal without merit. Based on the foregoing, nothing more remains to be determined at this time.

**BY THE COURT:**

_____

**MARGHERITA PATTI-WORTHINGTON, P.J.**

cc:  Michael Mancuso, Esq., First Assistant District Attorney
     Shawn Freemore, Defendant/Appellant
     Clerk of Courts
     Prothonotary—Superior Court

Clerk of Courts
JAN 4 '21 PM3:53

2

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA


COMMONWEALTH OF PENNSYLVANIA   :   258 CR 2009
  :
vs.   :
  :   MOTION FOR POST-
SHAWN FREEMORE,   :   CONVICTION DNA TESTING
DEFENDANT   :

## OPINION

Before the Court is Shawn Freemore's (hereinafter "Petitioner") *pro se* Motion for Post-Conviction DNA Testing pursuant to 42 Pa.C.S.A. § 9543.1 (hereinafter "Motion for DNA Testing"). The issue raised is whether the Motion for DNA Testing is sufficient to warrant an order from this Court directing blood DNA testing of the challenged evidence. We find it is not and deny the Motion. The underlying facts and procedural history are summarized as follows:

On February 11, 2009, Petitioner was arrested and charged with crimes in relation to the murder of Michael Goucher. On September 21, 2011, Petitioner was convicted after jury trial before then President Judge Ronald E. Vican of First Degree Murder, Criminal Conspiracy to Commit Murder, and Tampering with/Fabricating Evidence. On December 12, 2011, Petitioner was sentenced to one term of life without the possibility of parole followed by a consecutive, aggregate sentence of 8 ½ to 20 years.

On December 21, 2011, Petitioner filed Post-Sentence Motions including a reconsideration of sentence. Said Motions were denied by Opinion and Order dated May 18, 2012. On June 18, 2012, Petitioner filed a Notice of Appeal and the Pennsylvania Superior Court affirmed this Court's judgment of sentence on July 23, 2013. Com. v. Freemore, 1710 EDA 2012 (Super. Ct. 2013). Petitioner filed a Petition for Allowance of Appeal with the Pennsylvania

Supreme Court which was denied on September 2, 2014. Com. v. Freemore, 131 MAL 2014 (Pa. 2014).

Petitioner filed his first *pro se* PCRA Petition on April 22, 2015. Attorney Robert Saurman was appointed to represent Defendant and filed an Amended Petition on June 8, 2015. Petitioner's PCRA was denied by this Court by Opinion and Order dated September 11, 2015. On October 9, 2015, Petitioner filed a Notice of Appeal and the Superior Court affirmed this Court's ruling on August 3, 2016. Com. v. Freemore, 3107 EDA 2015 (Super. Ct. 2016). Petitioner filed a Petition for Allowance of Appeal with the Supreme Court which was denied on February 15, 2017. Com. v. Freemore, 615 MAL 2016 (Pa. 2017).

Petitioner filed his second *pro se* PCRA Petition on August 25, 2017. After review of the claims raised, We issued a Notice of Disposition Without Hearing on August 30, 2017. Petitioner filed a timely response on September 13, 2017. After further review, We dismissed Petitioner's *pro se* second PCRA Petition on October 13, 2017. On November 8, 2017, Petitioner filed a Notice of Appeal and the Superior Court affirmed this Court's ruling on October 30, 2018. Petitioner filed a Petition for Allowance of Appeal with the Supreme Court which was denied on April 30, 2019.

On August 28, 2020, Petitioner filed the instant *pro se* Motion for Post-Conviction DNA Testing pursuant to 42 Pa.C.S.A. § 9543.1 requesting DNA testing of evidence that was discovered prior to conviction and admitted at trial.[1] Specifically, Petitioner seeks blood DNA testing of two notebooks admitted at trial as Commonwealth's Exhibits 45 and 46. See Motion

---

[1] We note the Clerk of Courts did not docket Petitioner's *pro se* Petition until September 15, 2020. Despite this, the Petition contains a jailhouse cash slip indicating it was mailed August 28, 2020. In Com v. Castro, 766 A.2d 1283, 1287 (Pa. Super. 2001), the court applied the prisoner mailbox rule and found "[a] petition [is] filed when mailed . . . [t]he Clerk of Courts' failure/refusal to docket the same may represent a ministerial failure . . . [but] the failure to docket . . . does not control . . . [whether] petition was timely filed." Id. As a result, pursuant to the prisoner mailbox rule, Petitioner's *pro se* Motion for DNA Testing is deemed filed on August 28, 2020.

2

for DNA Testing, 8/28/20, p. 2. The notebooks contain writings that memorialize the murder of

Michael Goucher. Essentially, Petitioner argues: (1) the notebooks were seized because they

contained blood evidence; (2) if the alleged blood is tested, and the test indicates there was in

fact no blood, the notebooks should be suppressed; and (3) if the notebooks are suppressed, the

"entire trial would have to be restructured, as the fictitious writings were the foundation the

Commonwealth built it's first-degree conviction on." Id. at 7. Thus, Petitioner avers the absence

of DNA on the notebooks would satisfy the actual innocence standard and compel this Court to

order DNA testing pursuant to 42 Pa.C.S.A. § 9543.1 . After review of the record, testimony and

argument at trial, and the Commonwealth's brief, We are ready to dispose of this matter.

## DISCUSSION

Motions for post-conviction DNA testing are considered post-conviction petitions under

the PCRA. However, they are "clearly separate and distinct from claims pursuant to other

sections of the PCRA [and] the one-year jurisdictional time bar of the PCRA does not apply to

motions for DNA testing under Section 9543.1." Commonwealth v. Williams, 35 A.3d 44, 50

(Pa. Super. 2011) (quoting Commonwealth v. Perry, 959 A.2d 932 (Pa. Super. 2008)).

Importantly, a motion for post-conviction DNA testing does not constitute a direct exception to

the one-year time limit for filing a PCRA petition. Id. Instead, it gives a convicted person a

vehicle "to first obtain DNA testing which could then be used within a PCRA petition to

establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. §

9545(b)(2)." Id.[2]

---

[2] Another distinction of motions for DNA testing is that Section 9543.1 does not confer a right to counsel. Commonwealth v. Brooks, 875 A.2d 1141, 1147 (Pa. Super. 2005).

3

Requests for post-conviction DNA testing are governed by statute at 42 Pa.C.S.A. § 9543.1, which provides in pertinent part:

§ 9543.1. Postconviction DNA testing
(a) Motion.—
(1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.
(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

* * *

(c) Requirements.—In any motion under subsection (a), under penalty of perjury, the applicant shall:
(1)(i) specify the evidence to be tested;
(ii) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and
(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.
(2)(i) assert the applicant's actual innocence of the offense for which the applicant was convicted; and

* * *

(3) present a *prima facie* case demonstrating that the:
(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and
(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

4

(A) the applicant's actual innocence of the offense for which the applicant was convicted;

* * *

(d) Order.—
(1) Except as provided in paragraph (2), the court shall order the testing requested in a motion under subsection (a) under reasonable conditions designed to preserve the integrity of the evidence and the testing process upon a determination, after review of the record of the applicant's trial, that the:
(i) requirements of subsection (c) have been met;
(ii) evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been altered in any material respect; and
(iii) motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice.
(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility that the testing would produce exculpatory evidence that:
(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted;

42 Pa.C.S.A. § 9543.1.

The statute sets forth several threshold requirements to obtain DNA testing: (1) the evidence specified must be available for testing on the date of the motion; and (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency. 42 Pa.C.S.A. § 9543.1(a)(2). Additionally:

"[T]he legislature delineated a clear standard—and in fact delineated certain portions of the standard twice. Under section 9543.1(c)(3), the petitioner is required to present a *prima facie* case that the requested DNA testing, assuming it gives exculpatory results, would establish the petitioner's actual innocence of the crime. Under section 9543.1(d)(2), the court is directed not to order the testing if it determines, after review of the trial record, that there is no reasonable possibility that the testing would produce exculpatory

5

evidence to establish petitioner's actual innocence. From the clear words and plain meaning of these provisions, there can be no mistake that the burden lies with the petitioner to make a *prima facie* case that favorable results from the requested DNA testing would establish his innocence."

Commonwealth v. Smith, 889 A.2d 582, 584 (Pa. Super. 2005).

On its face, "the *prima facie* requirement set forth in § 9543.1(c)(3) and reinforced in § 9543.1(d)(2) requires that an appellant demonstrate that there is a reasonable possibility [ ] that favorable results of the requested DNA testing would establish the appellant's actual innocence of the crime of conviction." Commonwealth v. Conway, 14 A.3d 101, 109 (Pa. Super. 2011) (internal quotation marks omitted). In order for new evidence resulting from DNA testing to establish actual innocence, it "must make it more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt. Thus, this standard requires a reviewing court to make a probabilistic determination about what reasonable, properly instructed jurors would do, if presented with the new evidence." Id. at 109 (quoting Schlup v. Delo, 513 U.S. 298, 327, 329 (1995)). Accordingly, the PCRA court must "review not only the motion [for DNA testing], but also the trial record, and then make a determination as to whether there is a reasonable possibility that DNA testing would produce exculpatory evidence that would establish . . . actual innocence." Commonwealth v. Williams, 35 A.3d 44, 50 (Pa. Super. 2011) (quoting Commonwealth v. Smith, 889 A.2d 582, 584 (Pa. Super. 2005)).

In the instant case, Petitioner argues "[DNA] testing would produce exculpatory evidence that would extend to the Movant's actual innocence of the specific degree of first-degree murder." See Motion for DNA Testing, 8/28/20, p. 3. Petitioner contends, "Testing the notebooks . . . would prove [they] had no blood in them as claimed and therefore should have been discarded as illegally obtained." Id. at 6. Essentially, Petitioner argues: (1) the notebooks were seized because they contained blood evidence; (2) if the alleged blood is tested, and the test

6

indicates there was in fact no blood, the notebooks should be suppressed; and (3) if the notebooks are suppressed, the "entire trial would have to be restructured, as the fictitious writings were the foundation the Commonwealth built it's first-degree conviction on." Id. at 7. Thus, Petitioner avers the absence of DNA on the notebooks would satisfy the actual innocence standard.

In response, the Commonwealth argues the notebooks were written by Petitioner and "[w]hether there may have been blood on a portion of the notebook or not is of no consequence." See Commonwealth's Answer to Defendant's Motion, 9/23/20, p. 2. Specifically, the Commonwealth asserts, "it was the content of the [] writings along with other evidence in the case including his confession and the digital recording the Defendant and his Co-Defendant made memorializing the murder of Michael Goucher which all demonstrate no reasonable probability that testing will produce exculpatory evidence." Id. at 2-3. In addition, the Commonwealth avers Petitioner had access to the notebooks before and during trial, and could have sought testing of the same. Id. at 4. Finally, the Commonwealth argues Petitioner "merely conflates claims of alleged illegally obtained evidence as establishing actual innocence . . . whether or not his blood is on the pages . . . does not impact the legality of the search." Id. at 5.

Initially, We note Petitioner fails to satisfy the requirements of subsection (a)(2) of 42 Pa.C.S.A. Sec. 9543.1. Specifically, that: (1) the evidence that was discovered prior to his conviction was not subject to DNA testing because the technology was not in existence at the time of trial; (2) the verdict in his case was rendered on or before January 1, 1995; or (3) the court refused a request by counsel for funds from the court to pay for the testing due to his indigency. A review of the record reveals: (1) the notebooks at issue were discovered prior to Petitioner's conviction and DNA testing was in existence at the time of trial; (2) the verdict in

7

Petitioner's case was rendered on September 21, 2011; and (3) there is no record of this Court refusing a request by counsel for funds to pay for the testing due to Petitioner's indigency. As such, Petitioner had knowledge of the notebooks and alleged blood evidence prior to and during trial. Despite the existence of DNA testing, Petitioner did not pursue testing, and did not petition this Court for funds to do the same. As a result, Petitioner has failed to meet the requirements of 42 Pa. C.S. § 9543.1(a)(2).

Petitioner has also failed to present a *prima facie* case demonstrating his actual innocence. Petitioner does not contest that he committed the murder of Michael Goucher; rather, he asserts that the "notebooks were the way the Commonwealth wanted to show specific intent." See Motion for DNA Testing, 8/28/20, p. 5. Petitioner believes that, if the notebooks were suppressed, there would be insufficient evidence of the requisite specific intent. Thus, in Petitioner's view, he would be actually innocent of first-degree murder.

Despite this argument, the presence or absence of blood on the notebooks is immaterial to the admissibility of the content of said notebooks. As the Commonwealth correctly notes, it appears Petitioner conflates claims of alleged illegally obtained evidence as establishing actual innocence. Whether Petitioner's blood is on the pages does not impact the legality of the search. In fact, Petitioner challenged the legality of the search in his first PCRA. This Court denied that claim and our Superior Court affirmed. Com. v. Freemore, 3107 EDA 2015 (Super. Ct. 2016). Simply put, the notebooks were the product of a legal search and it was the content of Petitioner's writing contained in the notebooks – not the alleged blood DNA evidence – that established specific intent in this case.[3]

---

[3] Even assuming the notebooks were suppressed, Petitioner fails to present a *prima facie* case demonstrating his actual innocence. Evidence at trial admitted to support finding specific intent included Petitioner's confession and a digital recording made by Petitioner and his Co-Defendant memorializing the murder of Michael Goucher. In order for new evidence resulting from DNA testing to establish actual innocence, it "must make it more likely than not

8

Finally, Petitioner's motion for post-conviction DNA testing was not filed in a timely manner. Section 9543.1(d) requires Petitioner make a timely request for DNA testing. See 42 Pa.C.S.A. § 9543.1(d)(1)(iii). In analyzing timeliness for purposes of Section 9543.1(d)(1)(iii), the court must consider the facts of each case to determine whether the applicant's request for post-conviction DNA testing is to demonstrate his actual innocence or to delay the execution of sentence or administration of justice. Commonwealth v. Walsh, 125 A.3d 1248, 1255 (Pa. Super. 2015) (citations omitted).[4]

In the instant case, Petitioner knew of the existence of the notebooks he now seeks to test prior to conviction. During trial, post-conviction motions, and the pendency of his first PCRA, Petitioner was represented by counsel, who knew of the statute, the technology, and the evidence, and who vigorously pursued relief on his behalf.[5] Under such circumstances, "courts should exercise a healthy skepticism when faced with requests for DNA testing . . . [t]his is especially true when, as here, careful examination of the record reveals that [Petitioner] is not a likely candidate to be exonerated by DNA testing." Id. (citations omitted). Thus, taking into consideration the strength of the evidence proffered against Petitioner at trial, Petitioner's deliberate decision at the time of trial not to seek further scientific testing, his counsel's apparent decision not to seek DNA testing throughout lengthy post-conviction proceedings, and the belated timing of the current claim, it cannot reasonably be concluded that the instant DNA

---

that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt. Thus, this standard requires a reviewing court to make a probabilistic determination about what reasonable, properly instructed jurors would do, if presented with the new evidence." Conway, 14 A.3d at 109. Here, assuming the notebooks were suppressed, reasonable, properly instructed jurors would likely reach an identical conclusion regarding specific intent.

[4] 42 Pa.C.S.A. § 9543.1(d)(1)(iii) does not define "timely manner;" rather, review is conducted on a case-by-case basis.

[5] Discussing post-conviction DNA testing, our Supreme Court noted, "DNA testing that is available [prior to conviction] cannot become after-discovered evidence, and cannot be treated as a second chance lottery ticket." Com. v. Williams, 899 A.2d 1060, 1066, fn. 4 (Pa. 2006).

testing motion was made "in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice." Id.

Based upon the foregoing, Petitioner failed to satisfy the threshold requirements to obtain DNA testing pursuant to Section 9543.1(a)(2); did not present a *prima facie* case of actual innocence pursuant to Section 9543.1(c)(3); and failed to make his request for DNA testing in a timely manner pursuant to Section 9543.1(d)(1)(iii). As a result, Petitioner's *pro se* Motion for Post-Conviction DNA Testing Pursuant to 42 Pa.C.S.A. § 9543.1 is **DENIED.**

Having decided all matters before us, We enter the following Order:

10

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA : 258 CR 2009
:
vs. :
: MOTION FOR POST-
SHAWN FREEMORE, : CONVICTION DNA TESTING
DEFENDANT :

## ORDER

AND NOW, this __9th__ day of November, 2020, the Court having reviewed Petitioner's *pro*

*se* Motion for Post-Conviction DNA Testing Pursuant to 42 Pa.C.S.A. § 9543.1, and after review of

the record, testimony and argument at trial, and the Commonwealth's brief, We **ORDER** the

following:

1. Petitioner's *pro se* Motion for Post-Conviction DNA Testing Pursuant to 42

   Pa.C.S.A. § 9543.1 is **DENIED.**

2. Petitioner is advised that he has **thirty (30) days** from the date of this Order within

   which to file an appeal with the Pennsylvania Superior Court.

BY THE COURT:

_____
MARGHERITA PATTI-WORTHINGTON, P.J.

Clerk of Courts
NOV 9 '20 PH12:18

cc:    Margherita Patti-Worthington, P.J.
       Michael Mancuso, Esq., First Assistant District Attorney
       Shawn Freemore, Defendant/Petitioner
       Clerk of Courts

11

IN THE COURT OF COMMON PLEAS
FORTY-THIRD JUDICIAL DISTRICT

Commonwealth of Pennsylvania

Vs.

Freemore, Shawn          No. 258    CR 2009

I, Kelly L. Shoemaker, Deputy Clerk, depose and say that the attached Rule/Order was served in the following manner on November 9, 2020.

1. X E Serviced to DA

2.___ Placing a copy in Probation box in Clerk of Courts Office.

3.___ E Serviced to P.D.

4.___ Placing a copy in the Sheriff's box in Clerk of Courts Office.

5.___ Mailing a copy to: MCCF _____ Faxed___ Scanned _____.

6.___ Placing a copy in the Court Administrator box in Clerk of Courts.

7.___ Giving a copy to the Treasurer's Office.

8. X Placing a copy in Judge's Box _Worthington_____.

9.___ Copy to Court Reporter.

10.___ Attorneys Box: _____.

11 X Mailing Copy To _Def't_____.

12. ___ E Serviced to: _____.

13. ___E Serviced to: _____.

Sworn and Subscribed before me this November 9, 2020.

_Kelly L. Shoemaker_

By:  Kelly L Shoemaker, Deputy